The cause stood over to this term, when the opinion of the Court was delivered to the following effect by
Parsons, C. J.
In this writ, the plaintiffs pray execution of a judgment recovered by them against Abraham Ogden, at the November term of the Supreme Judicial Court, holden at Boston, and 'or whom the defendant was bail.
The defendant has pleaded in bar of execution against him, that *290 he was bail for Ogden, in a suit commenced against him by the plaintiffs, in which final judgment was recovered against Ogden, at the November term of the Supreme Judicial Court, holden at Boston, in 1805, on which judgment an execution had been duly issued and returned unsatisfied; and that the judgment recited in the scire facias was recovered at the November term of the Supreme Judicial Court, holden at Boston, in 1807, on a writ sued by [*846] Ogden against *tbe plaintiffs, to review the former judgment recovered in 1805, and that on this last writ he was not bail for Ogden.
The plaintiffs reply, that the judgment recited in their scire facias was the final judgment on the original writ sued by them against Ogden, on which the defendant was his bail, which judgment was rendered at the said November term in 1807, which they are ready to verify by the record.
The defendant rejoins, that there is no such record of the final judgment alleged by the plaintiffs in their replication.
Upon these pleadings, the record has been submitted to the inspection of the Court, whence it appears that the judgment, of which execution is prayed against the defendant, was in fact rendered on the writ sued out by Ogden, to review the first judgment; but whether it is also the final judgment rendered on the original writ prosecuted by the plaintiffs against Ogden, in which the defend-, ant was bail, is the question remaining for the consideration of the Court.
The writ of review in civil actions is provided by statute, to cor rect errors in judgments rendered on verdicts, and is unknown at the common law. Either party, against whom two verdicts have not been found, may sue his writ of review as of right, returnable to this Court, from which it must issue, to correct the errors in fact of the judgment rendered on verdict. Upon the return of the writ, the whole cause is subject to revision on the former pleadings, and no amendments 'can be made, or any new issues joined ; and the jury may find their verdict for the original defendant, or for the original plaintiff, with greater or less damages than he recovered at the former trial, whichever party shall sue the writ of review. By comparing the two verdicts, the error of the former verdict, if any, is apparent; and this error will be corrected by the judgment on the review.
[ * 347 ] * This is a short statement of this singular process; and it has been argued by the plaintiffs in scire facias, that the judgment in review is in law a final judgment upon the original writ, within the statute of 1784, c 10, regulating bail in civil actions.
*291 By this statute, the bail upon the original writ are not holden, unless the scire facias against them be served on them within one year next after the entering up of final judgment against the prin cipal.
The provincial statute of 5 Will. & Mar. c. 5, of which the other statute is a revision, limits the suing of a scire facias against the bail to one year after the first trial. As the original writ is returnable to the Court of Common Pleas, where a judgment is rendered, from which either party aggrieved may appeal to this Court, where a new judgment is rendered, it was formerly contended, that the first trial intended in the provincial statute, was that on which judgment was rendered at the Common Pleas. But a different construction of that statute always prevailed; because, as no execution could be sued in the Common Pleas, on a judgment from which an appeal was entered, the principal, by entering an appeal, which he could do of right, might always discharge his bail. The first trial, mentioned in that statute, was holden to be the trial, on which the first judgment, on which the plaintiff might sue an execution, was entered. Thus, if there was no appeal from the Common Pleas, the judgment there rendered was the first judgment; but if there was an appeal, the judgment in this Court was the first judgment.
In the revision of the statute we have been considering, the legislature, instead of retaining the former phrase of first trial, have substituted the expression of final judgment; leaving the construction without alteration.
If the final judgment in the last statute should be taken to be the judgment on review, great mischiefs would be * the consequence. Either party might review at any [ * 348 ] time within two years after entering judgment on the appeal. The bail might, therefore, be holden for several years; when the situation and property of the principal might be essentially changed, and a party arrested might find it impracticable to procure bail. And after the entering of judgment on the appeal, and until the return and entry of the writ of review, no suit would be pending, so that the bail could surrender the principal; and were the bail, as the keeper of the principal, to take him into his own custody and imprison him, after detaining him two years, no writ of review might then be sued out, and the principal would be discharged, after having been confined a long time, without benefit to any person, and to his own great damage.
Nor is there any inconvenience in giving the statute of 1784 the same construction as the statute of W. & M. received. For if the plaintiff should review, his writ might be an attachment, on which *292 he might take new security. And if the defendant should review, the plaintiff might still execute his judgment recovered on the appeal, in which the bail would be holden, unless the defendant gave bond to stay the plaintiff’s execution ; and in that case the bond would be adequate security.
It is therefore our opinion, that the final judgment, mentioned in the statute of 1784, is the first judgment on which the plaintiff may sue out an execution. If no appeal lies from the judgment of the Common Pleas, or if none is made, that judgment is final; or, if there is an appeal, then the judgment on the appeal is final; for on either of these judgments execution may issue.
The judgment of the Court must be, that there is no such record as the plaintiffs have averred in their replication, and that the de fendant recover his costs.