Parker, C. J.,
delivered the opinion of the Court. The question to be tried in this action was, whether Warren was tenant of the freehold at the time dower was demanded of him, and the present suit commenced.
*The deed of ’William Otis to him, made in September, [ *56 ] 1813, conveyed the seisin, Otis having been before seised by virtue of the deed from Joseph Otis, the husband of the demandant. Warren could no otherwise disprove this seisin in himself, than by showing a conveyance from him, or a paramount title in some other. No conveyance from him is pretended ; but he sets up against his own title, the supposed title of Watkins, by a levy of an execution on a part of the land, as belonging to W. Otis, after his conveyance to Warren; and the title of the United States to the *48 residue, by virtue of a levy to satisfy a debt due them from the same Otis. Warren had actual possession, as it appears that he received the rent for the year after the demand was made on him to assign the dower; and thus being seised in fact, he would be answerable in this suit, although other persons might have had dormant claims upon the land paramount to his, he not holding under their title.
But we see nothing in the case, which goes to defeat the title of Warren under Otis, upon the supposition that the conveyance was boná fide and for a valuable consideration; which we must presume, as the case stands before us.
Watkins’s lien by the attachment ceased after thirty days from his first judgment. The law of the United States, which gives a writ of error (1), provides that security shall be given; which security is a substitute for any which before existed. So that Warren’s deed from Otis, which was made and delivered before the levy of Watkins’s execution, passed the estate to Warren.
As to the claim of the United States, which has been set up in the defence, we see no ground for it. In cases of insolvency, the law of the United States (2) provides that the debts due to the United States shall first be paid. But this is obviously confined to cases of declared insolvency, when the effects of the debtor are to be appropriated to the payment of his debts; and does not [ * 57 ] reach the case of a * prior conveyance by such debtor to a boná fide purchaser ; for no lien is created by this statute. It would be monstrous indeed, that the government should have the right to trace their debtor’s property into the hands of purchasers, and reclaim it, because the grantor or vendor was their debtor. Such a power has not been claimed by the government (3).
It has been suggested in the argument that, as Otis was an officer of the United States (4), they had a lien upon his estate for all moneys collected by him for them. But we have not been furnished with, any law of the United States in support of this suggestion ; nor have we been able to find any ourselves. The law of the United States (5) creates a lien upon the lands and real estate of officers of the internal revenue for all debts, from the commencement of suits against them. This statute, it is apprehended, relates only to the officers of the internal revenue. But if indeed it could be supposed to comprehend all officers of the customs, it could not affect this *49 case ; as the lien goes no farther back than the commencement of a suit for the debt by the United States; and the tenant’s title under Otis must have commenced before. The evidence in the case sufficiently maintains the issue on the part of the demandant; and according to the agreement of the parties, the nonsuit must be set aside, and the tenant must be called.

Tenant defaulted.

 U. S. Stat. 1 Cong. 1 Sess. c. 19, § 22.

 U. S. Stat. 4 Cong. 1 Sess. c. 74, § 5.

 [Theluson & Al. vs. Smith, 2 Wheat. 396. 1 Peters, 395. —United States vs. Howland & Al. 4 Wheat. 108. —Prince vs Bartlett, 8 Cranch, 431. —United States vs. Hoot & Al. 3 Cranch, 73. —Ed.]

 He was for some years collector of the customs for the port of Barnstable.

 Stat. 5 Cong. 1 Sess. c. 88, § 15.