## BADGER *v.* GILMORE.

A review is a "suit or proceeding," within the meaning of the third section of the act of June 27, 1857.

Such review, whether regarded as a new action, brought to correct the errors of the former judgment, or as the revival or renewal of the former suit for the same purpose, is not "pending," within the meaning of the same section, before the suing out of the writ of review by which it is commenced.

Parties to a review, sued out more than three months after the passage and taking effect of the act of June 27, 1857, are not excluded from testifying as witnesses, by the provisions of its third section.

ACTION OF REVIEW, brought by the defendant to reverse the judgment of the Court of Common Pleas for this county, rendered October term, 1856, in favor of the plaintiff, for $423.46 damages, and $76.19 costs. The action, on which said judgment was recovered, was commenced prior to October term, 1854, of said court, and was entered at that term. The present writ of review was dated October 2, 1857, and returnable at the October term, 1857, of the Court of Common Pleas for this county.

The counsel for the defendant, at the first term, offered the party defendant as a witness on the trial of the action of review, under the provisions of the act of June 27, 1857, and the plantiff objected that he was not a competent witness, being excluded by the provisions of the third section of that act, which excepted pending suits from the operation of its provisions. The court sustained the objection, and the defendant excepted.

*W. E. Chandler,* with whom were *Bartlett* and *George & Foster,* for the defendant.

*H. A. Bellows,* for the plaintiff.

---
Badger *v.* Gilmore.
---

FOWLER, J.* The first section of the act of June 27, 1857, provides that no person shall thereafter be excused or excluded as a witness in any civil suit or proceeding, at law or in equity, by reason of interest in the event thereof as a party, or otherwise, except as thereafterward in the same act provided. The third section of that act excludes from the operation of its provisions " any suit or proceeding pending at the time" of its passage. The act took effect upon its passage, and the only question arising upon the exceptions before us, is whether an action of review, sued out upon the second day of October, 1857, more than three months after the act passed, and its provisions took effect, was "pending at the time" of its passage, within the fair, obvious and legitimate meaning of its language.

" Pending," is defined by Webster to mean " depending," "remaining undecided," " not terminated." Blackstone defines an action, suit or proceeding, as the instrument whereby the party injured obtains redress for wrongs committed against him, either in respect to his personal contracts, his person or his property. The Mirror defines an action as " the lawful demand of one's right." Bracton and Fleta characterize an action or suit, in the words of Justinian, as "the rightful method of obtaining in court, what is due to any one;" "*jus prosequandi in judicio quod alicui debetur.*" 3 Black. Com. 116, 117.

Was there any such action or proceeding, any such instrument or means, whereby the injured party obtains, or seeks to obtain, redress for wrongs committed, or alleged to have been committed against him, "depending," "remaining undecided," " not terminated," between the present parties, at the period of the passage and taking effect of the act of June 27, 1857 ?

The original suit, brought by the plaintiff to recover of the defendant damages for the non-payment of his prom-

---

* PERLEY, C. J., having been of counsel, did not sit.

Badger v. Gilmore.

issory note, could not, it seems to us, be cosnidered as pending. A verdict had been obtained by the plaintiff for the sum of $400, and upon that verdict, with interest, judgment was rendered by order of this court, at the October term, 1856, of the Court of Common Pleas for this county. *Badger* v. *Gilmore*, 33 N. H. 361. The party injured had then availed himself of the instrument or means provided by law for obtaining redress for the injury he had suffered, and there was, thereafter, no suit or proceeding " depending," " remaining undecided," " not terminated," between the parties. The judgment was final and conclusive, and the suit, having performed its office, was thereafter dead, *functus officio*. No proceeding by review can reverse or otherwise affect that judgment. It stands, and unless reversed by error, must ever stand, as the final termination and conclusion of the suit which preceded it. The review does not operate to stay execution on the first judgment, nor can it ever operate as a reversal of that judgment in whole or in part. The original judgment remains, whatever the result of the review, and the party in whose favor it was rendered, retains whatever he obtained by means of it. *Knox* v. *Knox*, 12 N. H. 357 ; *Ely & al.* v. *Forward & al.*, 7 Mass. 26 ; *Swett & al.* v. *Sullivan*, 7 Mass. 342.

Was, then, the original suit or proceeding pending within the meaning of the third section of the act of June 27, 1857, between these parties, from the rendition of final judgment between them at the October term, 1856, until the suing out by the defendant of his writ of review ? It seems difficult to perceive how it can properly and strictly be said to have been. The plaintiff had obtained the redress he sought by a final judgment for the damages awarded him, had taken his execution therefor, and appropriated the avails thereof to his own use. There was no longer any proceeding in existence which could change the result, or in any way affect the relations of the parties toward each other growing out of it.

Nor do we think the present action of review can, with propriety, be considered to have been pending at the time of the passage of that act, within its plain and obvious meaning. It is true, that under the provisions of the statute, the defendant had the right, if he felt himself aggrieved by the satisfaction of the former judgment from his property or money, to institute a suit or proceeding of review to correct the errors of that judgment; but, until exercised by the actual suing out of the writ of review, this right was inchoate, contingent, and might never be exercised. It was, in effect as well as form, a mere right to bring a new action to recover back, in the shape of damages, what the defendant alleges had been wrongfully obtained from him upon the first trial, as the result of the former suit; the mode in which the statute required him to attempt thus to recover, being by trying over again the original cause of action, and making it appear upon the original issues, or such new ones as the court might permit to be raised, but with new and additional evidence, if such existed, that the plaintiff had no just ground for sustaining a suit against him, or, at least, was not entitled to recover so much damages as he had obtained by the former verdict. The proceeding of review, when thus brought by a defendant, has been well characterized as analogous to an action for money had and received, brought to recover back funds obtained by duress or some false claim. *Knox* v. *Knox*, 12 N. H. 358.

In this view of the matter, and we find it difficult to conceive of any other as correct, the right to commence the action, suit, or proceeding of review, was nothing more than the right to bring assumpsit on an over due note, or trespass for a past injury to the person or property. It was a mere right of action or proceeding, to obtain redress for an alleged injury suffered; and we find it difficult to perceive on what principle the action, suit, or proceeding of review, in the present case, can be properly

Badger *v.* Gilmore.

and legitimately regarded as pending, until the writ had been actually filled out for service, any more than an action of assumpsit upon an over due note, or of trespass for an injury to the person or property, can be regarded as pending from the time the note became due and payable, or the date of the injury suffered.

It would seem quite anomalous to hold that the action or proceeding of review was pending before it was commenced. That the suing out of process is the commencement of an action or proceeding, is too clear for argument. *Parker* v. *Colcord*, 2 N. H. 36 ; *Society for Prop. of the Gospel* v. *Whitcomb*, 2 N. H. 227 ; *Robinson* v. *Burley*, 5 N. H. 225 ; *Graves* v. *Ticknor*, 6 N. H. 537 ; *Hardy* v. *Corliss*, 21 N. H. (1 Foster) 356 ; *Johnson* v. *Farwell*, 7 Greenl. 373.

Like other actions, that of review is commenced by a writ, sued out of the clerk's office, returnable generally at the court in which the original action was tried, and served like writs of summons and scire facias. Rev. Stat., chap. 192, secs. 2, 9 ; Comp. Laws 466, 467.

When brought as of right, it is uniformly spoken of in the statutes as an *action* of review. Rev. Stat., chap. 192, secs. 8, 12 ; Comp. Laws 494.

Nor does it make any difference that the writ has sometimes been regarded as a judicial, and not an original writ. It is a writ of right, and not the less an action, suit or proceeding, whether commenced by an original or a judicial writ.

But the plaintiff has contended that inasmuch as the trial or review is to be had of the original action, upon the original issues, unless the court shall permit new ones, although upon new evidence, the proceeding of review is to be regarded merely as a revival or renewal of the old action or suit, and not a new one. Admitting, for the sake of argument, this to be so, it does not seem to us to change the matter, or show that the original action could legitimately and rightfully be considered as pending, until

revived or renewed by the suing out of process for that purpose.

If, when considered as a new action, suit or proceeding, the review cannot fairly be deemed pending, until some act has been done by the party entitled to prove it, not only indicating decisively and unequivocally his intention to avail himself of his statute right to attempt to correct the errors of the controversy previously finally terminated between himself and his antagonist, but actually instituting some proceeding, such as the law recognizes as the legal commencement of a suit, by suing out a writ of review; it seems equally clear, that, regarded as a revival or renewal of the former suit, the review cannot be considered as having revived or renewed it, so that it can be recognized or treated as pending, until something has been done by the party bringing it to disturb the remains of the former litigation, and the result of which may be to correct the errors or confirm the justice of the former judgment. After the rendition and satisfaction of that judgment, all controversy between the parties is ended; every thing is quiescent; there is no suit or proceeding remaining undecided—not terminated, any where between them. Either has the right, at any time within one year from the date of the original judgment, by taking the proper steps and suing out a writ of review, to revive and renew the controversy; but, until one party or the other does this, the whole matter rests, as finally and conclusively disposed of by the judgment of the tribunal selected to determine it. Until the suing out of the writ of review, therefore, whether regarded as the commencement of a new action or proceeding to correct the errors of the old one, or as a process to revive and renew that old action for the purpose of correcting those errors, we are unable to see how any suit, proceeding or action can, with propriety, be said to be pending in court, or elsewhere, between the parties.

It seems to us, however, quite clear, that the proceeding of review can only be rightfully regarded as a new suit or action between the parties, in no just sense pending, until after the suing out of the writ of review, by which, like other actions, it is commenced. All anlogies lead to that conclusion, and so are many decisions.

In *Bell* v. *Bartlett*, 7 N. H. 180, the court say : " Notwithstanding the law authorizing a review as a matter of right in certain cases, the judgment in the first instance, upon which execution may issue, is usually regarded as the end of the cause—as a final judgment—and the review as a new action, in which the merits of the former may be again tried.

It is called an " *action*" of review in the statutes, and the security taken in the first instance for the purpose of enforcing the judgment which may be rendered, has thus far been held to be discharged by the rendition of judgment in the original suit.

Thus property, attached upon the original writ, is released by a judgment in favor of the defendant, or by a neglect of the plaintiff for thirty days after a judgment in his favor to levy upon it ; and, in either case, no claim can be made upon the sheriff, or any one who may have received it from him, and receipted for it, to have it forthcoming to be applied in satisfaction of a judgment rendered in review.

So bail, who become answerable that the principal defendant shall abide and not avoid, are discharged by a judgment in favor of their principal in the original action. And the indorser of a writ, who is surety for the costs which the defendant may recover, if judgment be rendered for the plaintiff in the first instance, is no longer holden for the costs, notwithstanding the defendant, upon review, may recover the costs to which he was subjected prior to the first judgment."

In accordance with the views thus expressed, it was holden in *Bell* v. *Bartlett*, that the sureties in a replevin bond were discharged by a judgment in the original suit

in favor of their principal, the plaintiff in replevin, and were not responsible for any judgment recovered against him on review; and that, in no case, does the security taken upon a writ extend beyond a judgment for the defendant, in the original action. Such, also, is the doctrine of *Little* v. *Bruce,* 7 N. H. 485.

In *Ely & al.* v. *Forward & al.,* 7 Mass. 25, where the indorser of the original writ was admitted as a witness for the original plaintiff in the trial upon review, and holden to have been rightly admitted, although the defendants had recovered judgment in the original action, on the ground that he had no interest in the event of the review, whatever it might be; the court, after deciding that the judgment in the original suit was the final termination of that suit and of the liability of the defendant as indorser of the writ therein, proceed to say, that "the suit on the original writ, and the suit on a review, by the party who failed in the original suit, may be considered as cross actions between the same parties; and very clearly, an indorser of the writ in one action, may be a witness for the party for whom he indorsed, when defendant in the cross suit."

So in *Swett & al.* v. *Sullivan,* 7 Mass. 342, where it was holden that bail in an action were discharged, if not proceded against within one year from the rendition of judgment in an original action which had been reviewed—such judgment in the original suit being, in the opinion of the court, the final judgment against the principal, contemplated by the statute—the court say: "If the final judgment in the statute should be taken to be the judgment on review, great mischief would be the consequence. Either party might review at any time within two years after entering judgment. The bail might therefore be holden for several years, when the situation and property of the principal might be essentially changed, and a party arrested might find it impracticable to obtain bail.

Badger *v.* Gilmore.

And after the entering of judgment, and until the return and entry of the writ of review, no suit would be pending, so that the bail could surrender the principal." These remarks have still greater force, where, as in some of the States, reviews may be brought three and even five years or more after the rendition of judgment in the original suit.

In *Bussell* v. *Bussell*, 10 Mass. 222, where it was holden that a review commenced and discontinued was not a bar to another brought by the same party in the same action, if not prevented by other limitations, the court say: " A writ of review is a writ of right, in the nature of a scire facias to hear errors in a record or process remaining in court. It is issued by the officer of the court, and, in that respect, may be regarded as of the nature of a judicial writ. It is, however, sometimes issued in the form of a capias and attachment, and with the same efficacy, and seems therefore to be, to some purposes, an original writ." Again, the court say, in the same case : " So far as a writ of review is a writ of right and an original writ, it is within the principles which regulate other suits, where a nonsuit with leave, or a discontinuance by the non-appearance of the parties, is no bar to another action for the same cause."

It is unnecessary to pursue the subject. As, in our judgment, whether a review is regarded, as seems to us most proper, as a new action, or, as the plaintiff has contended, as the revival or renewal of the old one, there cannot, with propriety, be said to be any suit or proceeding pending between the parties from the rendition of the original judgment until after the suing out of the writ of review, which must necessarily be considered as the commencement of the new action or the revival or renewal of the old one, the exceptions in the present case must be sustained : the defendant not being excluded from testifying, by force of the provisions of the third section of the act of June 27, 1857.

*Exceptions sustained.*