## ANDREWS *v.* FOSTER.

Where an action of review was referred under a rule of court, and the referees awarded that the original plaintiff should recover of the original defendant a certain sum as damages, together with costs of court, to be taxed by the court, &c., and that the same should be in full of all matters referred to them; *Held,* that this award was not a mere determination of the amount of damages, but was a decision upon the whole action of review, and that a judgment in favor of the plaintiff upon the report of the referees for the sum awarded, with costs, was not erroneous.

Andrews *v.* Foster.

Where a writ of review is sued out by the original defendant, and upon trial the amount of damages found for the original plaintiff is increased, such plaintiff is entitled, under the statute, to judgment for the amount of such increase, and costs.

WRIT OF ERROR. The facts appear sufficiently from the opinion of the court.

*Morrison, Stanley & Clark*, for the plaintiffs in error.

*W. C. & S. G. Clarke*, for the defendant in error.

BARTLETT, J. In 1854, at the October term of the court of common pleas for Merrimack county, Foster recovered a judgment against the plaintiffs in error for $695 damages, and $6.71 costs. September 13, 1855, the original defendants brought their writ of review, which was entered in the court of common pleas at the October term, 1855. After several continuances this action was, by agreement of parties, referred, under a rule of court, and at the October term, 1858, the referees made their report, awarding that "Foster recover of the original defendants $52.50 damages, together with costs of court, to be taxed by the court, and costs of reference, taxed at $39.72 ;" and thereupon the court rendered judgment upon the report in favor of Foster, for $52.50 damages, and $81.50 costs. A writ of error is now brought to reverse that judgment.

The first error assigned, is the taxation of four items in the bill of costs, set forth in the assignment, and amounting to $4.78, and is confessed.

In the second and third causes of error assigned, the plaintiffs in error claim that judgment should have been rendered in their favor for $642.50, with interest and costs, upon the ground that the report of the referees merely ascertained the damages, as the verdict of a jury would have done, and that, therefore, upon review, the damages were reduced from $695 to $52.50.

We do not so understand the matter. The record, after describing the cause as an action of review, states the agreement of the parties to refer " this action to the determination of three referees, the report of whom," &c., " in this court, and judgment being entered thereon, to be final and conclusive between the parties, and execution to issue accordingly." The matter referred is not merely the question of damages, but the whole action of review, and the report is not to fix the damages only, but, if accepted, to determine the judgment. It is to be final and conclusive, judgment being rendered thereon, and execution is to issue accordingly. The report follows the commission; the award is not of the amount of damages, but " that the said Foster shall recover of the said Andrews," &c., " $52.50, together with costs of court," &c., " and that the same be in full of all matters referred" to the arbitrators. The whole action was referred to them, and they must have passed on that; otherwise, with the pleadings before them, they could not properly, under our statute, have awarded costs to the original plaintiff. *Brown* v. *Cochran,* 11 N. H. 199.

Although in some cases an award may be good in part and bad in part, such is not this case. The award pursues the submission, and determines all matters in question. The court of common pleas could accept, reject or recommit this report, but they could not enlarge or diminish it; they are only to execute the determination of the referees, if they accept the report. *Commonwealth* v. *Pejepscot Proprietors,* 7 Mass. 412, 418; *Boody* v. *Chapin,* 25 N. H. 288. Had the award not been returnable to court we think no question could have arisen; and it can make no difference as to its effect when accepted, that the court might for good cause have rejected or recommitted it. If the report did not correctly present the determination of the referees, the original defendant might have moved to recommit it. Under such a rule, an award that the

Andrews *v.* Foster.

plaintiff recover, is an award that he have judgment ; and it must be taken that the referees to whom the whole action was referred, and before whom were laid attested copies of the proceedings in the original suit (Rev. Stat., ch. 192, sec. 8), considered the former finding, as well as the actual amount of damages, and, deeming the sum before assessed too small, awarded to Foster the additional sum of $52.50.

It has been said that "the right of review by the defendant is, in effect as well as form, a mere right to bring a new action to recover back, in the shape of damages, what the defendant alleges had been wrongfully obtained, on the first trial, as the result of the former suit." *Badger* v. *Gilmore*, 37 N. H. 460. A somewhat similar statement was made in *Knox* v. *Knox*, 12 N. H. 358. These expressions were made and are true only as to such defendant, for the plaintiff's damages may be increased upon the trial. *Carpenter* v. *Pierce*, 13 N. H. 408, 409.

The act of 1829 provided that the action should be tried "as if no judgment had been given therein," and that the former judgment might "be reversed wholly or in part; and greater damages, or less or no damages given, as the merits of the cause, upon the law and evidence, should seem to require, in the same manner as if both parties had brought their several writs of review." Laws of 1830, 89. The Revised Statutes provide that "every case shall be tried on review, in the same manner as if no judgment had been rendered therein, and any new or further evidence may be produced therein." Rev. Stat., ch. 192, sec. 9. Section 10 enacts that "if the amount of property, debt or damages, recovered by the original plaintiff, is increased on review, he shall recover judgment for the excess, and costs ; if such amount is reduced, the original defendant shall recover judgment for the amount of such reduction, and costs." Provision having thus been made for judgment in every case of a change in the

amount recovered, without reference to the party by whom the writ of review might be brought, the next section provides for the remaining case where the amount is unchanged. "If the original plaintiff shall review, and shall not recover a greater amount, &c., the defendant shall recover costs. If such review is brought by the defendant, and the amount, &c., is not reduced, the original plaintiff shall recover costs."

We see nothing in the provisions of the Revised Statutes indicating any intention to change the prior law in this respect, and think that section 10 applies to every case of a change in the amount recovered, whether it is in favor of or against the party suing out the writ of review.

The judgment in question is correct as to damages, but erroneous as to the amount of costs, which should have been $76.72. The judgment must, therefore, stand as to damages and be reversed as to costs, and judgment entered in favor of Foster, for the proper sum as costs. The plaintiffs in error are entitled to. costs up to the time of filing the confession, and the defendant in error should have costs from that date. The method of adjusting the costs is stated in *Eames* v. *Stevens,* 26 N. H. 124.