INCREASE H. BROWN & another *vs.* LEVI BRIGHAM.

If one of two obligees in a replevin bond is insolvent, and an assignee is chosen subsequently to the taking of the bond, an action upon the bond must be brought in the name of the other obligee alone.

Granting a writ of review, and a *supersedeas* of the execution, after judgment for the defendant, in a replevin suit, and taking a new bond, which is not intended as a substitute for the original bond, do not discharge the original bond; and the declaration in an action upon the original bond should set out, as the breach thereof, the failure to return the replevied property on the judgment in the replevin suit.

CONTRACT upon a replevin bond in the sum of $3800, executed by the defendant, with two sureties, to Daniel Potter and Caleb W. Wiley, dated June 14, 1852.

At the trial in this court, before *Bigelow*, C. J., it appeared that Wiley applied for the benefit of the insolvent laws by petition dated June 3, 1852, and Daniel Potter, one of the plaintiffs, was appointed messenger, and on the 26th of June Increase H. Brown was chosen assignee, and an assignment was duly executed to him on the same day. On the 14th of June, Brigham, who held a mortgage from Wiley, replevied the mortgaged property and executed the bond in suit. Wiley died in November 1852. The replevin suit was terminated by the entry of a nonsuit, in June 1855, and judgment was entered thereon for costs and for a return of the property, and execution issued, dated

June 27, 1855. On the 1st of July 1855, Brigham filed a peti‧ tion for a review and for a *supersedeas* of the execution, both of which were granted, upon Brigham's giving a bond with surety in the sum of $1000, with condition that if he should pay to said Potter whatever sum should appear to be due after the final judgment in review, then the bond should be void. Final judgment was entered for the defendants in review at May term 1860, and for costs and a return of the property replevied. A return of the property was demanded and refused.

The chief justice reserved for the determination of the whole court the questions whether Brown was rightly joined as a plaintiff, and whether this action can be maintained on the replevin bond.

*R. H. Dana, Jr., & J. H. Robinson,* for the plaintiffs.

*H. C. Hutchins,* for the defendant.

CHAPMAN, J. This action cannot be maintained by these plaintiffs jointly. By the common law, the action could be rightly brought only by Potter, the surviving obligee. The English bankrupt acts authorize the assignee of a bankrupt partner to join with the solvent copartner in suits to recover debts due to the firm. But our insolvent law contains no provision of a like kind. By that law, (Gen. Sts. *c.* 118, § 44,) as it was applied in the case of *Wetherbee* v. *Martin,* 10 Gray, 245, this action might have been maintained by Brown alone, if the bond in suit had been given to Wiley alone. But we cannot so extend the provisions of that law as to authorize Brown either to join with Potter in this suit, or to maintain it alone, as assignee of Wiley, the deceased obligee. Such a departure from the established law concerning parties to actions can be warranted, we think, only by a statute provision express or necessarily implied. We are therefore of opinion that Brown should discontinue, and that the writ be amended by striking out his name; Gen. Sts. *c.* 129, § 41; and that the writ and declaration be so amended, in all particulars, as to conform to a suit brought by Potter alone.

The declaration is to be further amended by alleging therein, as a breach of the bond, the failure of the defendant to return the

replevied property on the judgment in his replevin suit, rendered in June 1855, which was the final judgment in that suit, within the meaning of the condition of the replevin bond. *Swett* v. *Sullivan*, 7 Mass. 342.

The court are of opinion that the proceedings in review left the bond in force. The case of *Dunlap* v. *Burnham*, 38 Maine, 112, was cited as sustaining a contrary doctrine. But that decision is expressly founded on the Revised Statutes of Maine, which provide that the judgment in review shall be rendered as the merits of the cause, upon law and evidence, shall require, without any regard to the former judgment. This is a very different system of review from ours. Under our Rev. Sts. *c.* 99, if the sum recovered by the plaintiff in the original suit is reduced on review, the defendant shall have judgment for the difference, with his costs; or if the former judgment has not been satisfied, one judgment may be set off against the other, and an execution issued for the balance. If the original plaintiff recovers a greater sum than in the original suit, he shall have judgment and execution for the excess. So that the original judgment is not regarded as merged in the judgment in review, but remains in force. Execution in the original suit is not stayed or superseded, unless by special order of court, upon the giving of a proper bond by the plaintiff in review. If no bond is given, the original judgment may be executed while the suit in review is pending. It cannot be, therefore, that a suit in review has the effect to discharge a replevin bond given in the original suit; certainly not without a proper order for that purpose, made upon the filing of a proper bond as a substitute. In this case, the execution was superseded upon the giving of a bond; but the bond was only for the sum of one thousand dollars, whereas the appraised value of the replevied property was $1898.43; and the replevin bond is for double that sum. Whether, upon the giving of a proper bond, the court had authority to order a stay of proceedings on the replevin bond need not be decided in this case. It is enough that no such order was made, and that no bond was given which can be regarded as a substituted security, within the statute.

The plaintiff Potter, upon amending the writ and declaration in the manner above mentioned, is entitled to recover the appraised value of the property replevied, with interest from the time of the taking in the replevin suit, namely, June 14th 1852. And for the avails of the judgment he will be answerable to Brown, the assignee of Wiley.

The terms on which the court allow the aforesaid amendments are, that no costs be taken against the defendant, and that all his costs be paid to him.