WHITTIER *v.* THE HARTFORD FIRE INS. CO.    { MARCH 11, 1875,

A citizen of this state brought an action in the supreme court of this state against a corporation created by the legislature of the state of Connecticut, and having its principal place of business in the latter state. A trial was had before a jury, who returned a verdict for the plaintiff. Exceptions taken to certain rulings of the court by the defendants were transferred to the full bench, and overruled, and judgment was rendered for the plaintiff on the verdict. The defendants then sued out a writ of review, and at the September term, 1874, filed a petition for the removal of said action to the circuit court of the United States for the district of New Hampshire. *Held,* that under the third clause of sec. 639 of the Rev. Stats. of the United States, providing for the removal of a cause from a state court to the circuit court of the United States upon petition filed " at any time before the trial or final hearing of the cause," such a petition cannot be filed after one trial has been had by the parties, although the action is one where review will lie.*

This is an action of review of an action of assumpsit, brought by Charles C. Whittier (defendant in review) against the Hartford Fire

*But it would seem that under the construction put by some courts, eminent for learning and ability, upon the act of congress of March 3, 1875, state courts no longer have any authority to pass upon the question of removal, or even to consider the sufficiency of the petition or bond, etc. The act provides as follows :

"Sec. 2. That any suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made under their authority, or in which the United States shall be plaintiff or petitioner, or in which there shall be a controversy between citizens of different states, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens or subjects, either party may remove said suit into the circuit court of the United States for the proper district ; and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit in the circuit court of the United States for the proper district."

"Sec. 4. That when any suit shall be removed from a state court to a circuit court of the United States, any attachment or sequestration of the goods or estate of the defendant had in such suit in the state court shall hold the goods or estate so attached or sequestered to answer the final judgment or decree in the same manner as by law they would have been held to answer final judgment or decree had it been rendered by the court in which such suit was commenced ; and all bonds, undertakings, or security given by either party in such suit prior to its removal shall remain valid and effectual, notwithstanding said removal ; and all injunctions, orders, and other proceedings had in such suit prior to its removal, shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed."

"Sec. 6. That the circuit court of the United States shall, in all suits removed

Insurance Company (plaintiffs in review), upon a policy of insurance issued by the defendants.

The original action was tried by the jury, and on the trial exceptions were taken to the rulings of the court, and the case was reserved. These exceptions were overruled, and at the March term, 1874, of the supreme judicial court for said county, judgment was rendered for the plaintiff. The defendants then sued out their writ of review, which is dated May 2, 1874, and was entered at the September term, 1874, of this court. On the first day of this term the plaintiffs in review filed their petition for a removal of said action to the next term of the United States circuit court under the act of congress passed in 1866, as amended by the act of 1867. In their petition they allege that " they are plaintiffs in review; that they are a corporation duly established by the laws of the state of Connecticut, and a citizen of said state; that the said Whittier, the defendant in review, is a citizen of the state of New Hampshire, and that said parties to said writ are so described in said writ of review, and that the amount in controversy exceeds the sum of five hundred dollars, exclusive of costs." This petition is signed by the plaintiffs in review by their secretary. There is also filed the affidavit of the secretary verifying the facts stated in the petition, and also stating that " he has reason to believe and does believe that from prejudice and local influence the said defendant company will not be able to obtain justice in the circuit court for the state of New Hampshire." They also file a sufficient bond, as required by said act of congress.

The court *pro forma* denied the prayer of the petition, to which the plaintiffs in review excepted.

The questions arising upon the foregoing case were transferred to this court for determination.

*Mugridge* (with whom were *Pike & Blodgett*), for the plaintiffs in review.

---

under the provisions of this act, proceed therein as if the suit had been originally commenced in said circuit court, and the same proceedings had been taken in such suit in said circuit court as shall have been had therein in said state court prior to its removal."

The record of removal need not be certified by the judge, and the petition for removal need not be verified by affidavit. The act of 1875 for the first time expressly authorized the petition and bond to be filed out of term-time. We think it was to prevent the state court from proceeding further in the case after the proper papers were filed in the suit with the clerk. It is said there must be a power in the state court to determine whether the petition and bond are sufficient, and whether the cause is removable under the statute. It is true that the party seeking the removal of the cause must be entitled to the same, but we think that the statute did not intend to permit the state court to judge in such a case as this whether a proper case was made: that was one of the difficulties under the former statutes. This statute gives the power to the federal court, the right to determine whether the cause is properly removable. DRUMMOND, J., in *Osgood* v. *The Chicago, Danville & Vincennes R. R. Co.* See Chicago Legal News, April 17, 1875.          REPORTER.

*Whipple* (with whom was *Barnard*), for the defendant in review.

SMITH, J.   This is a petition to remove this cause to the circuit court of the United States for the district of New Hampshire, under the act of congress, passed March 2, 1877 (as claimed by the petitioner). The enactment of the Revised Statutes of the United States, which were approved June 22, 1874, operated to repeal the judiciary act of 1789, and the acts of 1866 and 1867 regulating the removal of actions from a state to a federal court.   Under the act of 1866 an action within its provisions might be removed into the circuit court of the United States upon petition filed " at any time before the trial or final hearing of the cause."   Under the act of 1867, an action within its provisions might be removed into the circuit court of the United States upon petition filed " at any time before the final hearing or trial of the suit."   The difference between these two acts in this respect is marked and distinct.

We have been cited by the plaintiffs in review to the case of *Insurance Company* v. *Dunn*, 19 Wall. 214, decided October term, 1873, in the supreme court of the United States, which their counsel claims is an authority directly in point in favor of granting this petition.   That would be so, provided there has been no change in the statute in the particular above noticed.   It becomes important then to inquire whether congress, in enacting the Revised Statutes, has made any change in this respect.

Section 639 contains the provisions of the judiciary act of 1789, and of the acts of 1866 and 1867, relating to the removal of actions from the state to the federal courts.   In examining to ascertain whether the act of 1867 has been changed in the particular above mentioned, we look to the corresponding portion of said section, which is the *third* clause, from which it appears that congress in revising the laws has made its legislation uniform in this respect.   It provides that a petition for removal may be filed " at any time before the trial or final hearing of the suit," adopting the same language that was used in the act of 1866, and to which it still adhered in reënacting that act in the *second* clause of said section.

It is apparent to my mind that this change was not the result of accident, but was deliberately made to secure uniformity upon the subject, in view of the conflicting decisions between the federal and state courts upon this question.   *Akerly* v. *Vilas*, 1 Abb. U. S. 284; *same case*, 24 Wis. 165; *Johnson* v. *Monell*, Woolworth 390; *Insurance Company* v. *Dunn*, 19 Wall. 214; *same case*, Supreme Court of Ohio; *Bryant* v. *Rich*, 106 Mass. 192.

In *Insurance Co.* v. *Dunn*, 19 Wall., Judge SWAYNE says, p. 226,— " In the act of congress of 1866, the language used in this connection is ' at any time before the trial or final hearing.'   If the difference in the act of 1867 be material, it is fair to presume that the change was deliberately made to obviate doubts that might possibly have arisen under the former act, and to make the latter more comprehensive."

That that court considered that there was a substantial difference in the language of the acts of 1866 and 1867 further appears from the second head note to the case, which reads thus: " The language above quoted—' at any time before the final hearing or trial of the suit '—of the act of March 2, 1867, is not of the same import as the language of the act of July 27, 1866, on the same general subject,—' at any time before the trial or final hearing.' On the contrary, the word ' final,' in the first mentioned act, must be taken to apply to the word ' trial ' as well as to the word ' hearing.' Accordingly, although a removal was made after a trial on the merits, a verdict, a motion for a new trial made and refused, and a judgment on the verdict, yet it having been so made in a state where by statute the party could still demand, as of right, a second trial—*held*, that such first trial was not a ' final trial ' within the meaning of the act of congress, the party seeking to remove the case having demanded and having got leave to have a second trial under the said statute of the state."

In *Bryant* v. *Rich, supra,* GRAY, J., in delivering the opinion of the court, said,—" The words ' before final hearing ' in the act of congress of 1867 would seem to be equivalent in meaning to the same words— ' trial or final hearing '—as transposed in the similar act of 1866, ch. 288 ; and it is at least doubtful whether a party who has once taken the chance of a decision upon the merits by a trial before the jury in an action at law, or a hearing before the court in a suit in equity, in the state court, can, if the case stands open for a new trial or further hearing, remove it into another tribunal. It has been decided by the supreme court of Wisconsin, in a very able judgment, that he could not. *Akerly* v. *Vilas*, 24 Wis. 165."

The requirement of the present statute then is, that the petition must be filed before " the trial or final hearing in the suit," and not as formerly " before the final hearing or trial of the suit." That this does not mean " final trial " is, I think, clear from the change that was made in the revision of the laws, and seems to be authorized by the stress which is put upon the difference in the language of the acts of 1866 and 1867 by the supreme court in *Insurance Company* v. *Dunn, supra.*

The parties in this case have had a trial by jury. The original plaintiff recovered a verdict; the exceptions of the defendant were overruled by the full bench, and judgment for the plaintiff was entered upon the verdict. This judgment cannot be reversed or otherwise affected by a judgment in review. The petitioner's counsel very truly says in his brief,—" It remains, whatever the result of the review, and the party in whose favor it was rendered retains whatever he obtained by it : unless reversed by error it must ever stand as the final determination and conclusion of the suit which preceded it. *Badger v. Gilmore*, 37 N. H. 459 ; *Andrews* v. *Foster*, 42 N. H. 379 ; *Pike* v. *Pike*, 24 N. H. 397. Such a trial answers fully the meaning of the term, as used in sec. 639 of the Revised Statutes. In limiting the time when a petition for removal must be filed to a period prior to such trial, con-

gress must be deemed to have intended that the party who may prevail upon such trial in the state court should not be deprived of the fruits of the trial and of the judgment rendered therein at the pleasure of the discontented party.

It is questionable whether the constitution could have been adopted if it had been understood that it conferred on congress the power to pass an act removing an action from a state to a federal court. In *Wetherbee* v. *Johnson*, 14 Mass. 412, it is said that it has been held in the supreme court of Virginia " that it never was the intention of the constitution of the United States to consider the supreme courts of the several states as tribunals inferior to the courts of the United States ; or that a privilege was given to a defendant who had submitted to the jurisdiction of a state court, taken his trial there, and finally failed in his defence, to harass his adversary by intercepting the remedy which he may have obtained at great expense, and carrying his cause to a tribunal whose sessions would be at the seat of the national government, perhaps a thousand miles distant from the place of his residence."

The decision is, perhaps, only valuable as showing the understanding of those who lived in the time of the early history of the republic.

There are many very strong reasons why, after the parties have submitted to one trial in a state court, the cause should not be removed to another jurisdiction. If it is not " a dangerous interference with the independence of the state tribunals," it tends " to vex and harass the citizen by a multitude of trials,—the last of which would be remote from his place of residence, where it would be always difficult and sometimes impossible for him to prove the facts upon which his cause depended ; besides which it infringes one of the most ancient and cherished principles of the common law, that the trial of facts should be in the vicinage where they happened." *Wetherbee* v. *Johnson, supra,* 420.

The result of my conclusions is, that the statutes of the United States do not authorize the removal of this cause to the circuit court of the United States for this district. The petition therefore should be denied.

LADD, J. I think this petition should be denied. There has been a trial of the cause upon its merits in the state court, and a final and irreversible judgment rendered therein. Availing themselves of a right conferred by a statute of this state, the defendants have brought a review ; and the cause may now be tried over again here, in accordance with the provisions of the statute, which imposes various qualifications and conditions upon the exercise of the right. Gen. Stats., ch. 215, secs. 10, 11, 12, 13. Unless the cause is to be tried and judgment to be rendered in the federal court on review, the same as though it had not been tried before at all (which I suppose nobody will pretend), I do not see how it can be tried there at all, unless the federal court will undertake to administer the municipal law of New Hampshire, and communicate with the state court for the purpose of ascertaining what

the final judgment there shall be. But even if this difficulty were out of the way, it seems to me the reasons against the construction of the United States statute contended for by the plaintiff in review are quite strong and controlling. Undoubtedly the language of a legislative act ought to be very clear and unequivocal, before a court would be warranted in holding that the legislature intended to give parties the right to experiment in a state court by going through with a full trial of the merits there, and then, if they are not satisfied with the result, carry their cause to another court for a retrial of the same issues of fact already once settled by the verdict of a jury to which they have voluntarily submitted them. Practically it would amount to an appeal, and make the state courts inferior to any federal court now in existence, or which may be hereafter created, to which it shall be provided that such cause may be removed. The right to a retrial in the state court is given by a statute of the state, but that statute confers no jurisdiction upon any other tribunal. I fully agree with my brother SMITH, that the language of this act admits of no such construction.

Further: if such a construction were to be put upon the act, I should say that, in its spirit and practical operation it is in direct conflict with the seventh article of amendment of the constitution of the United States, which declares that " no fact tried by a jury shall be otherwise reëxamined in any court of the United States than according to the rules of the common law." *Wetherbee* v. *Johnson*, 14 Mass. 412 ; *Bryant* v. *Rich*, 106 Mass. 180, and cases cited on page 193. By the rules of the common law, facts once settled by the verdict of a jury cannot be tried again by another jury in the same proceeding.

The merits of this question have been recently considered by the supreme judicial court of Massachusetts in the case of *Galpin* v. *Critchlow*, Am. Law. Reg., March, 1874, p. 137, where, after a careful examination of the various acts of congress relating to the subject, it was decided that an action cannot be removed from a state court into the circuit court of the United States under the act of congress of 1867, ch. 196, after a trial on the merits, although such trial resulted in a disagreement of the jury. With entire respect it may be said that, so far as regards the reasons upon which the question should be determined, no higher authority can be produced, and I fully agree with the reasoning of the learned chief justice in that case, and with the conclusion reached by the court. The question, however, whether the language of the act of 1867 is equivalent to that used in the act of 1866 need not be discussed because of the change of phraseology made by the Revised Statutes.

Nor is it necessary to inquire how far the case of *Insurance Co.* v. *Dunn*, 19 Wall. 214, could be regarded as an authority in favor of the plaintiff's contention had no such change in phraseology been made.

In view of the provisions of our statute with respect to reviews, and the amendment of the United States constitution referred to, as now advised, I should hesitate before ordering a cause removed to the circuit court of the United States for review, in pursuance of any statute

that might be passed by congress, until such right of removal had been determined by the supreme court of the United States upon error to the judgment of this court.

CUSHING, C. J., concurred.

*Exceptions overruled and petition denied.*