ABRAHAM B. BUSH *vs.* F. G. HOVEY & others.

Suffolk. Nov. 26, 1877. — March 13, 1878. COLT & LORD, JJ., absent.

On a petition for a writ of review of an action, in which a bond to dissolve an attachment had been given before the St. of 1875, *c.* 68, took effect, but in which the original judgment was in force after the passage of that act, the Superior Court may order such a bond, as is required by that act, to be given, as one of the terms of vacating the judgment, and as a condition to the allowance of a supersedeas of the execution on the judgment.

The Superior Court may decline to allow a petition for a writ of review, the sole object of which is to allow the petitioner to plead his discharge in bankruptcy, where the petitioner has filed, since the commencement of proceedings in bankruptcy, a bond containing the condition required by the St. of 1875, *c.* 68.

PETITION to the Superior Court for a writ of review of an action brought by the respondents against the petitioner, returnable at October term 1874. At the hearing, before *Pitman,* J., the following facts appeared:

Before the entry of the action, the petitioner filed a bond to dissolve the attachment which was made more than four months before his bankruptcy. Before the case was reached for trial, the petitioner was adjudicated a bankrupt, and suggested his bankruptcy on the docket. When the case was reached for trial, the petitioner was defaulted and judgment rendered against him in January, 1875. At April term 1875, the petitioner applied to the court to have the judgment vacated and the execution returned, which the court ordered to be done upon the petitioner's filing a bond in compliance with the St. of 1875, *c.* 68, which took effect on April 22, 1875, and the petitioner filed the bond. Afterward, the execution was returned, the judgment vacated and the action brought forward on the docket and put on the trial list again, for January term 1876, by the first named respondent, without the knowledge of the petitioner.

In December, 1875, the respondents filed objections to the petitioner's obtaining his discharge in bankruptcy, which he was attempting with due diligence to obtain, and a hearing was had upon such objections a few days before the case was reached for trial at January term 1876; and, while the matter of discharge was pending in the bankruptcy court, the case was defaulted in the Superior Court, and judgment rendered for the respondents

without the knowledge of the petitioner, who filed this petition as soon as he knew thereof. On February 12, 1877, the court, at a hearing thereon, ordered the supersedeas granted on the petition to be vacated, unless the petitioner forthwith filed a new bond in compliance with the St. of 1875, *c.* 68, which bond the petitioner immediately filed, claiming to except to the order. This review is sought solely for the purpose of enabling the petitioner to plead his discharge in bankruptcy, since obtained.

The judge, without considering the merits of the petition, ordered it to be dismissed on the ground that, under the provisions of the St. of 1875, *c.* 68, §§ 2, 3, 4, no substantial benefit could, in any case, accrue to the petitioner by a review under the facts admitted. The petitioner alleged exceptions.

*I. D. Van Duzee*, for the petitioner.

*T. S. Dame*, for the respondents.

GRAY, C. J. When the original judgment, rendered at January term 1875, was vacated, on the application of the petitioner at April term 1875, the liability of the obligors on the bond previously given to dissolve the attachment ceased. St. 1875, *c.* 33.

The St. of 1875, *c.* 68, which authorizes the court to enter a special judgment for the plaintiff to enable him to proceed against the sureties on a bond given to dissolve an attachment since the passage of this statute, and requires any such bond given since its passage to contain a condition that the sureties will pay the amount of such special judgment within thirty days after its entry, took effect before the original judgment was vacated. It was therefore within the power of the court to order such a bond to be given, as one of the terms of vacating the judgment. After a general judgment had been a second time rendered for the plaintiff in the original action, it was equally within the power of the court, upon the present petition for a review, to require a similar bond to be given as a condition to the allowance of a supersedeas of the execution issued on this judgment, it not appearing that the supersedeas, which would seem to have been issued by the clerk on the filing of this petition, had been so issued by order of the court.

The sole object of this petition for a review is to enable the petitioner to plead his discharge in bankruptcy. But, if a review should be granted, the original plaintiff would be entitled to a

special judgment to enable him to proceed against the sureties on the last bond. St. 1875, c. 68, § 3. And, as that bond was given since the commencement of the proceedings in bankruptcy, the discharge of the principal could not protect him from being liable to his sureties upon their paying the amount of that special judgment. No substantial benefit would enure to the petitioner from substituting, for a judgment against him directly, a judgment the amount of which he would be bound to repay to the sureties as soon as they had paid it; and the judge below might well decline to grant a review for such a purpose.

*Exceptions overruled.*