THEODORE P. DRESSER *vs.* WILLIAM O. CUTTER & others.

Suffolk.　March 8, 1894. — May 16, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Liability of Obligors on Bond to dissolve Attachment after Judgment vacated.*

The liability of obligors on a bond given to dissolve an attachment ceases when the original judgment is vacated upon petition for review under Pub. Sts. c. 187, §§ 17–20.

HOLMES, J.　The question in this case is whether a bond given to dissolve an attachment binds the obligors to satisfy a judgment rendered after the original judgment has been vacated upon petition under Pub. Sts. c. 187, §§ 17–20. It is provided in terms by § 20 that no attachment made or bail taken in the suit shall be liable to satisfy such a judgment. By § 19 a bond covering all that the original security does is to be given before the first judgment is vacated. There is no ground of policy for making a distinction between bonds to dissolve attachments and other securities for the satisfaction of judgment, and in *Bush* v. *Hovey,* 124 Mass. 217, 218, it was laid down unhesitatingly by Chief Justice Gray, that, when the original judgment was vacated, the liability of the obligors on the bond previously given to dissolve the attachment ceased.

The language of § 20, corresponding to St. 1875, c. 33, follows as closely as may be that of the earlier statute embodied in § 30, as to attachment and bail when a writ of review is granted. Gen. Sts. c. 146, § 29. Rev. Sts. c. 99, § 12. The section of the Revised Statutes, suggested by St. 1791, c. 17, § 1, is said by the commissioners to be in accordance with the established practice, and to be proposed

mostly to prevent or remove doubts. Unquestionably, whether necessary or not, that section would be construed to apply to bonds like the present. The construction is made the easier by remembering that attachment originally was a process merely to compel the appearance of the defendants, that the mode of dissolving it was by giving special bail, and that bonds to dissolve attachments have been said to be, in effect, merely special bail. Drake, Attachment, §§ 1 *et seq.*, 312. *Andrews* v. *Clerke*, Carth. 25, 26. *Harris* v. *Mountjoy*, 2 Leon. 173. Ashley, Attachment, (2d ed.) 6, 7. Brandon, Foreign Attachment, 104, 106. *Gillaspie* v. *Clark*, 1 Tenn. 2. *Garrett* v. *Tinnen*, 7 How. (Miss.) 465. *Childress* v. *Fowler*, 9 Ark. 159, 170. See *Marshall* v. *Hosmer*, 4 Mass. 60. We are of opinion that § 20 must be construed to apply to bonds given to dissolve attachments, and that the defendants are not liable.

*Judgment for defendants.*

*E. B. Powers*, (*W. H. Cobb* with him,) for the defendants.
*W. Clifford*, for the plaintiff.