RUSSIA CEMENT COMPANY *vs.* LE PAGE COMPANY
& another.

SAME *vs.* SAME & others.

Suffolk.    March 12, 13, 1896. — January 5, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Bond to dissolve Attachment — " Final Judgment " — Statute.*

The "final judgment" mentioned in the condition of a bond given to dissolve an
attachment is the final judgment secured by the attachment for which the bond
is a substitute, that is, the final judgment in the original action, and not such as
may be rendered upon a writ of error.

TWO ACTIONS OF CONTRACT, upon two bonds executed by the
first named defendant as principal and by the other defendants
as sureties.    In each case the plaintiff demurred to the answer.
The cases were heard together in this court, before *Allen, J.*,
who, in each case, ruled that the answer did not set up any suffi-
cient defence, sustained the demurrer, and, the defendants not
wishing to amend the answer, found for the plaintiff in the penal
sum of the bond; and the defendants alleged exceptions.    The
facts material to the point decided appear in the opinion.

The case was argued at the bar in January, 1897, and after-
wards was submitted on briefs to all the judges.

*W. C. Cogswell & G. R. Nutter,* for the defendants.

*C. H. Drew & A. M. Lyman,* for the plaintiff.

HOLMES, J.    These are actions on two bonds given to dissolve
an attachment in an action for infringing a trademark brought
in the United States Circuit Court for this Circuit.    The cases
are here on demurrer to an answer which sets up a number of
defences and raises as many interesting questions, all of which
were discussed at the bar, but of which we shall consider only
one, as in our opinion that disposes of the cases.    After the first
bond was given the action passed to judgment on February 13,
1892; but this judgment afterwards was reversed on a writ of
error by the United States Circuit Court of Appeals.    Still later,
the declaration was amended, and after another trial the plain-

tiff, on October 30, 1894, got a second judgment entered *nunc pro tunc* as of May 14, 1894, which is the judgment relied on. The second bond was filed while the first judgment was in force, and pending a writ of error.

A majority of the court are of opinion that the final judgment, payment of which the bonds secured, was the first judgment, which subsequently was reversed, and not the last judgment. The question is to be decided in accordance with the local law of Massachusetts.   U. S. Rev. Sts. §§ 914, 915, 916.   The Massachusetts statutes provide that, if final judgment in a case is rendered for the plaintiff, the goods and estate attached shall be held for thirty days after the judgment in order to their being taken on execution; Pub. Sts. c. 161, § 52; and then, in § 55, expressly declare that the final judgment intended in §§ 52 *et seq.* is that which is rendered in the original action, whether upon appeal or otherwise, and not such as may be rendered upon a writ of error or writ of review.   This declaration, which comes through Gen. Sts. c. 123, § 44, from Rev. Sts. c. 90, § 27, was proposed by the revisers " merely to adopt and confirm the construction that has been given to the existing statutes.   *Clap* v. *Bell*, 4 Mass. 99.   *Bingham* v. *Pepoon*, 9 Mass. 239."   Commissioners' Report, c. 90, § 26, note.   The " final judgment " mentioned in the condition of a bond given to dissolve an attachment is the final judgment secured by the attachment for which the bond is a substitute.   We see no reason for giving the words any other meaning.   If a supersedeas is issued with the writ of error, the United States law requires a new bond from the defendant to answer all damages and costs if it fail to make its plea good.   U. S. Rev. Sts. § 1000.   This security " is a substitute for any which before existed."   *Otis* v. *Warren*, 16 Mass. 53, 56.   See *Swett* v. *Sullivan*, 7 Mass. 342, 348.   Such a bond was given in this case, although of inadequate amount.   The policy of the law is settled in similar cases.   *Dresser* v. *Cutter*, 161 Mass. 301.

*Exceptions sustained.*