### AUGUSTUS MOSHER *vs.* TIMOTHY C. MURPHY.

Bristol.    October 26. — Nov. 20, 1876.    DEVENS & LORD, JJ., absent.

A bond to dissolve an attachment, duly executed and accepted by the creditor, is not
    invalid because it does not contain the condition required by the St. of 1875, c. 68,
    § 2.

CONTRACT on the following bond executed by John Doherty,
as principal, and by Dennis Garvey and the defendant, as sure-
ties:

"Know all men by these presents, that we, John Doherty, of
Fall River, in the county of Bristol, and Commonwealth of ·
Massachusetts, as principal, and Dennis Garvey and Timothy
C. Murphy, of said Fall River, as sureties, are holden and stand
firmly bound and obliged unto Augustus Mosher of Fall River,
in the county of Bristol, and Commonwealth aforesaid, in the
full and just sum of six hundred dollars, to be paid unto said
Mosher, his executors, administrators or assigns; to which pay-
ment, well and truly to be made, we bind ourselves, our heirs,
executors and administrators, jointly and severally, firmly by
these presents.    Sealed with our seals.    Dated the eighth day of
May, in the year of our Lord one thousand eight hundred and
seventy-five.

"The condition of this obligation is such, that whereas said
Mosher has caused the goods and estate of said Doherty, to the
value of three hundred dollars, to be attached on mesne process,
in a civil action, by virtue of a writ, bearing date the thirtieth
day of April, A. D. 1875, and returnable to the Second District
Court of Bristol, to be holden at Fall River, within the county
of Bristol, in said Commonwealth, on the fourth Monday of May
instant; in which writ said Augustus Mosher is plaintiff, and
said John Doherty is defendant; and whereas said defendant
wishes to dissolve the said attachment, according to law.    Now,
therefore, if the above bounden Doherty shall pay to the plain-
tiff in said action, the amount, if any, which he shall recover
therein, within thirty days after the final judgment in said ac-
tion, then the above written obligation shall be null and void
otherwise, to remain in full force and virtue."

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, on an agreed statement of facts, in substance as follows:

The attachment in the action mentioned in the bond was by the trustee process, in which the Fall River Bleachery was summoned as trustee of John Doherty. The bond was signed voluntarily by the defendant, and, upon the acceptance of the bond by the plaintiff, the trustee was discharged and the attachment dissolved voluntarily. Judgment was recovered against Doherty, and execution issued on the judgment. Doherty neglected to satisfy the execution and judgment within thirty days after recovery of judgment, and continued so to do.

If the defendant was liable, judgment was to be entered for the plaintiff for the amount of judgment and interest; otherwise, judgment for the defendant.

*A. N. Lincoln,* for the plaintiff.

*H. K. Braley,* for the defendant.

COLT, J. The St. of 1875, *c.* 68, § 2, declares that no bond shall be given to dissolve an attachment, which does not contain a condition obliging the sureties to pay the special judgment, which by the first section is provided for, in order to meet a case of bankruptcy on the part of the defendant. Under the former statute it had been decided that the lien created by an attachment, made more than four months before proceedings in bankruptcy, was dissolved by the defendants giving bond as then required, and that the provision of the bankrupt act which preserves liens and attachments could have no application to such bond. Gen. Sts. *c.* 123, § 104. *Braley* v. *Boomer,* 116 Mass. 527. *Carpenter* v. *Turrell,* 100 Mass. 450. *Fickett* v. *Durham,* 119 Mass. 159. It was thus in the power of the defendant, or of his assignee in bankruptcy, of his own motion, and without the consent of the creditor, to defeat the lien by attachment, by giving bond to dissolve it. The purpose of the statute was to remedy this, so that upon the bankruptcy of the defendant a special judgment might be rendered which should be effectual to charge the sureties in the bond. All its provisions have reference to proceedings pursued by the defendant alone, without the concurrence of the creditor. The first words of the first section are, " Whenever any defendant in a civil

action dissolves an attachment made in said suit, by giving bond as provided by the statutes of this Commonwealth." And none of its provisions can be fairly construed as prohibiting the cred-itor from agreeing with the defendant to take a bond as a sub-stitute for a pending attachment, and dissolve the same. Such a mode of dissolving an attachment, as well as of releasing any other lien, is good at common law, without regard to existing statute provisions, and is unaffected by them.

In the case at bar, the bond declared on is a good bond at common law. It was duly executed by the defendant, accepted by the creditor, and the attachment was thereupon voluntarily dissolved by him. The conditions of the bond are plain and intelligible. It was not given, as we have seen, in violation of the statute ; contains no illegal provisions ; and was for a valid legal consideration. *Holbrook* v. *Klenert*, 113 Mass. 268. *Grocers' Bank* v. *Kingman*, 16 Gray, 473. *Bank of Brighton* v. *Smith*, 5 Allen, 413. *Sweetser* v. *Hay*, 2 Gray, 49. *Leavitt* v. *Lyons*, 118 Mass. 470.                    *Judgment for the plaintiff.*