## MARGARET PORTER vs. L. W. GILES & others.

Bristol. Oct. 27. — Nov. 3, 1880. AMES & ENDICOTT, JJ., absent.

Upon a bond given under the St. of 1877, c. 97, by a person having an interest in money or credits attached by trustee process, to dissolve such attachment, with condition to pay to the plaintiff the sum for which the trustee may be charged, if any, within thirty days after final judgment, no action can be maintained, if the trustee has been discharged in the trustee process.

CONTRACT upon a bond given under the St. of 1877, c. 97, for the dissolution of an attachment by trustee process. Trial with out a jury in the Superior Court, before *Putnam*, J., who found the following facts:

The plaintiff brought an action against Alford Greenough and against the King Philip Mill as his trustee. The present defendant Giles, claiming an interest by assignment in pais in the money and credits in the hands of the trustee, gave and filed the bond now sued on, with the other defendants as his sureties, reciting the attachment by trustee process of such money and credits, and his desire to dissolve that attachment as provided in the St. of 1877, c. 97, § 1, and conditioned to pay to the plaintiff " the said sums to which this bond applies, and for which said trustee may be charged, if any, in said suit, not exceeding the value of the property in the hands of said trustee at the time of the service of the plaintiff's said writ upon said trustee, or so much thereof as will satisfy the amount recovered by the plaintiff, within thirty days after final judgment, or any special judgment entered in accordance with the provisions of " the St. of 1875, c. 68, § 1.

On the day on which the bond was given, the plaintiff's attorney made and signed this indorsement thereon, " I hereby approve of and accept the within bond, and in consideration of the same have discharged the trustee; " and the trustee paid over to Giles the sum of $88.68, out of the amount due from the trustee to Greenough. In the trustee process, the claimant, Giles, was defaulted, the trustee discharged, and judgment entered for the plaintiff for $80.96 damages and $9.96 costs, and that judgment has never been in any part satisfied. This action was then brought upon the bond.

Upon these facts, the judge ruled that the plaintiff could not recover, because the trustee had not been charged, but had been discharged, in the trustee process; and, after finding for the defendants, reported the question of the correctness of this ruling for the determination of this court, according to whose opinion thereon judgment was to be entered for the defendants · or for the plaintiff in the sum of $90.92 and interest.

*H. A. Dubuque*, for the plaintiff.

*J. M. Morton, Jr.*, for the defendants.

GRAY, C. J.   The bond in suit was given pursuant to the St. of 1877, *c.* 97, which provides, in § 1, that any person having an interest, by assignment or otherwise, in money or credits attached by trustee process in an action against another, may at any time before final judgment dissolve such attachment, or any part thereof, by giving bond, with sureties, " with condition to pay to the plaintiff the sum to which the bond applies and for which the trustee may be charged, if any, not exceeding the value of the property in his hands, or so much thereof as will satisfy the amount recovered by the plaintiff, within thirty days after final judgment; " and, in § 2, that " upon the filing of the bond the trustee may deliver to the person, by whom or in whose behalf as principal such bond is given, the money or other thing in his hands, or that part thereof to which the bond applies, and shall not be liable to the plaintiff therefor, after such payment, and no execution shall issue against him therefor."

The sum " for which the trustee may be charged, if any," can only be ascertained in the suit to which he is a party; and the provision of the statute that " no execution shall issue against him " for the fund in his hands clearly implies that that suit shall proceed to judgment against him; just as in the ordinary case of a bond given by a defendant to dissolve an attachment on mesne process in a civil action, under the Gen. Sts. *c.* 123, § 104, with condition " to pay to the plaintiff the amount, if any, that he may recover, within thirty days after final judgment in such action," that action proceeds to judgment against the defendant.   In either case, the fund or property attached is released from attachment, and consequently from execution; but a judgment must be rendered, in the suit in which the attachment is made, against the trustee in the one case, or against

the principal defendant in the other, in order to ascertain the amount which may be recovered under the bond given to dissolve the attachment.

The ruling of the court below, that the plaintiff could not recover in this action, because the trustee had not been charged, but had been discharged, in the trustee process, was therefore correct; and there must be        *Judgment for the defendants.*