CENTRAL MILLS COMPANY *vs.* JAMES STEWART & another.

Worcester. Oct. 9. — 20, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

A bond to dissolve an attachment, duly executed by a third person, who receives the property attached, by which he agrees to pay the amount of any judgment which may be recovered by the creditor in the action in which the attachment was made, is given upon sufficient consideration, and is valid, although it does not contain the condition required by the St. of 1875, *c.* 68, § 2.

If an action is brought against A. and B. jointly, and process is served only upon A. and his property alone attached, and a bond is given by a third person to dissolve the attachment, in which the action is described as against A. alone, and the condition is to pay any judgment that may be recovered in that action, and judgment is rendered against A. alone, the bond sufficiently identifies the action.

CONTRACT on a bond, dated January 31, 1881, executed only by James Stewart and John H. Autcliff, " as sureties," and reciting that whereas the plaintiff " has caused the goods and estate of P. T. Walsh, to the value of one hundred dollars, to be attached on mesne process, in a civil action, by virtue of a writ, bearing date the seventeenth day of January, A. D. 1881, and returnable to the First District Court of Southern Worcester, to be holden at Southbridge, within and for the county of Worcester, in said Commonwealth, on the twenty-eighth day of February next; in which writ said Central Mills Company is plaintiff, and said P. T. Walsh is defendant; and whereas said defendant wishes to dissolve the said attachment, according to law: Now therefore, if the above bounden Stewart and Autcliff shall pay to the plaintiff in said action the amount, if any, which he shall

recover therein, within thirty days after the final judgment in said action, then the above written obligation shall be null and void; otherwise, to remain in full force and virtue." Writ dated May 3, 1882.

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon an agreed statement of facts, in substance as follows:

On January 17, 1881, the plaintiff commenced an action against P. T. Walsh, John Walsh and Anthony Walsh, on a writ returnable before the First District Court of Southern Worcester, and caused a car-load of old iron, then standing at the railroad station in Southbridge, to be attached on the writ, and caused a summons to be served upon P. T. Walsh, but none was served upon either John Walsh or Anthony Walsh; and the writ was duly entered in that court, on February 28, 1881.

The defendants in this action made a claim to the iron so attached, but afterward offered to give a bond in order to obtain possession of the iron, and entered into the obligation sued upon. The attachment was released, and the defendants received the iron. The District Court rendered judgment for the plaintiff, from which judgment an appeal was taken to the Superior Court, and the appeal was duly entered therein. The action was tried in the Superior Court, and judgment was rendered for the plaintiff against P. T. Walsh, for the sum of $44.08 debt or damage, and $55.66 costs of suit, dated March 31, 1882, and on April 19, 1882, execution was issued on that judgment, and demand for payment was duly made; and thirty days from the time of issuing the execution having expired, and the judgment not being in any part satisfied, after due notice to these defendants this action was brought.

*J. M. Cochran*, for the plaintiff.

*C. F. Stevens*, for the defendants.

DEVENS, J. The bond in suit is not such a bond as is required by statute, which being given, and the proper steps in relation thereto being complied with, operates to dissolve an attachment without the plaintiff's consent. - Gen. Sts. *c.* 123, §§ 104–106. St. 1875, *c.* 68, § 2. But the creditor may voluntarily consent to dissolve an attachment by which he has sought to secure his debt, and, if he does so at the request of any one,

a promise by such a person to pay the debt sought to be secured, either before or after judgment, is made upon a valid legal consideration. The bond by which the defendants agreed to pay the amount of any judgment which the plaintiffs might recover against P. T. Walsh in an action brought by them against him on a writ dated January 17, 1881, was therefore made upon sufficient consideration, which the defendants received by the surrender to them of the property attached, and was good at common law. *Mosher* v. *Murphy*, 121 Mass. 276. *Smith* v. *Meegan*, 122 Mass. 6.

The defendants suggest no reason why the plaintiff should not recover upon it, except that the bond does not correspond to the writ, which was against Anthony and John E., as well as P. T. Walsh, although process had been served only upon the latter, and it was his property which was the subject of attachment. If a person desires to release his own property only from attachment, and to escape any liability for a judgment that may be rendered against his co-defendant, he may give bond simply to secure such judgment as may be recovered against himself. *Campbell* v. *Brown*, 121 Mass. 516. Such bond may equally be given on his behalf. The language used in the bond in suit shows that it was intended to be binding in case of a judgment against P. T. Walsh. *Eveleth* v. *Burnham*, 108 Mass. 374. Although there was no attempt to describe the suit except as one against P. T. Walsh, in which his goods were attached, it was sufficiently identified by the attachment from which the goods were released to the defendants upon the execution of the bond. No responsibility was assumed by the defendants unless this suit resulted in a judgment against him such as has actually been rendered. The suit was sufficiently identified, and it cannot be important that other defendants were named in it, especially in view of the fact that judgment was recovered against him alone.                                   *Exceptions overruled.*