CHARLES F. BERRY *vs.* FRANK WASSERMAN & others.

Suffolk. January 15, 1901. — October 17, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Attachment*, Bond to dissolve. *Bond*, Construction.

A bond to dissolve an attachment on land under Pub. Sts. c. 161, § 66, is not invalidated by a failure properly to describe the land, if the name of the action and the attachment are referred to, the description of the property necessarily appearing in the officer's return.

In a bond to dissolve an attachment, given in 1900, a reference to Pub. Sts. c. 171, § 23, and St. 1888, c. 405, in regard to special judgments in case of proceedings in insolvency, is not inapplicable, for when such bond is given it cannot be known that the bankruptcy act of 1898 will not be repealed before final judgment, and, in case of a repeal, these provisions might be important.

A bond to dissolve an attachment of land of the principal obligor on a writ against a third person was given and accepted without first having an appraisal of the attached property under Pub. Sts. c. 161, § 126. The condition of the bond began as follows: " if the above bounden F. W. shall pay to the plaintiff in said action the amount, if any, that he may recover in the action of *B.* v. *R.* *W.*, within thirty days after the final judgment in said action; and after said B. shall establish his title to the land in a writ of entry against said F. W." *Held*, that by providing for the payment of the amount recovered in the final judgment " after said B. shall establish his title to the land in a writ of entry " and by executing the bond without an appraisal of the land the obligor waived the requirement for an ascertainment of the value of the land and substituted the amount of the final judgment for the appraisal, that the subsequent provisions of the bond, taken in connection with the statutes made it necessary to treat the words " within thirty days " in the condition of the bond as contradictory and immaterial, and that the bond would be binding for the payment of the judgment on the establishment by the plaintiff of his title to the land attached in a writ of entry, in accordance with the provisions of Pub. Sts. c. 161, § 128, that being a condition precedent to recovery on the bond.

CONTRACT upon a bond given to dissolve an attachment of land of the principal obligor on a writ against third persons. Writ dated May 9, 1900.

The bond was dated January 3, 1900, and ran to the plaintiff, Charles F. Berry. The recital and condition were as follows: "The condition of this obligation is such, that whereas said Berry has caused the goods and estate of said Frank Wasserman, to the value of two thousand dollars, to be attached on special precept in a civil action, by virtue of a writ bearing date the 25th day of April, A. D. 1899, and returnable to the Municipal Court of the City of Boston for Civil Business, to be holden at Boston, within the county of Suffolk in said Commonwealth, on the sixth day of May, A. D. 1899; in which writ said Berry is plaintiff, and Rebecca Wasserman and David Wasserman are defendants. And whereas said Frank Wasserman wishes to dissolve the said attachment according to law.

"Now, therefore, if the above bounden Frank Wasserman shall pay to the plaintiff in said action the amount, if any, that he may recover in the action of Berry *versus* Rebecca Wasserman *et al.*, within thirty days after the final judgment in said action; and after said Berry shall establish his title to the land in a writ of entry against said Frank Wasserman, he, said Frank, having the record title thereto at the time of said attachment, the sum ascertained to be the value of the land, less the sum unpaid on the mortgages outstanding thereon at the time of said attachment, or so much thereof as shall satisfy the amount, if any, which said Berry shall recover upon final or special judgment after said Berry shall establish his title to said land as aforesaid, under Chapter 171 of the Public Statutes, in the suit of said Berry against said Rebecca and David Wasserman; the sum, if any, for which said judgment shall be entered; and also, if the above-named sureties shall pay to the said Berry within thirty days after the entry of any special judgment in said action, after said Berry shall establish his title to said land as aforesaid, in accordance with Section 1 of Chapter 405 of the acts of the Commonwealth of Massachusetts, of the year eighteen hundred and eighty-eight, the sum, if any, for which said judgment shall be entered, and after said Berry shall establish his title as aforesaid, then the above written obligation shall be null and void; otherwise to remain in full force and virtue."

The Superior Court sustained a demurrer to the declaration

and gave the plaintiff leave to amend. The amended declaration contained the following: "And the plaintiff further says that no sum has been ascertained to be the value of any land or estate attached in said action the record title whereof stood in the name of Frank Wasserman at the time of attachment; and that there is no court or tribunal wherein a writ of entry to establish his right to recover on said bond can be maintained; and that by reason of the failure and omission of the defendants to have the value of the land ascertained and to have the sum ascertained to be the value of such land inserted in the condition of said bond, the defendants have waived the bringing of any writ of entry by the plaintiff before suing on said bond; and have made the bringing of an effective writ of entry impossible."

The declaration further averred, that on April 2, 1900, the plaintiff recovered judgment in the action named in the sum of $1,367.67 damages and $38.99 costs, that the judgment had never been satisfied or reversed and that no part thereof had been paid for more than thirty days after the final judgment in said action or up to the bringing of this action.

The defendants demurred to the amended declaration and among other causes for demurrer alleged, "that it does not from said declaration appear that the plaintiff has performed the conditions precedent to the right of the plaintiff relying thereon in said bond contained, nor does the plaintiff set forth his excuse for the non-performance thereof, nor does the plaintiff set forth such facts as would be a waiver of said conditions."

The Superior Court sustained the demurrer and gave judgment for the defendants; and the plaintiff appealed.

The case was argued at the bar in January, 1901, and afterwards was submitted on briefs to all the justices.

*G. W. Estabrook,* for the plaintiff.

*E. B. Goodsell,* for the defendants.

KNOWLTON, J. The question in this case is what construction shall be put upon the bond declared on. The plaintiff contends that the greater part of the condition, to wit, all after the words "after the final judgment in said action," should be disregarded as contradictory and meaningless, and that there was a breach of the condition on the failure of the defendant, Wasser-

man, to pay the amount recovered in the action within thirty days after the final judgment. The instrument was badly drawn, and no construction of it is possible under which every one of its provisions, taken separately, can be given full effect; but all of its parts should be considered together, and we should give it effect, according to the manifest intention of the parties, if we can ascertain their meaning.

On its face it discloses a purpose on the part of a person provided for by the Pub. Sts. c. 161, § 128, to avail himself of his rights under that statute. It sets forth that the principal obligor's property has been attached on a writ against third persons. The land is not described in the bond as it should be, but this omission does not invalidate the instrument, inasmuch as the case and the attachment are referred to and are a part of the original record, and the description of the property necessarily appears in the officer's return.

The bond states that "Frank Wasserman wishes to dissolve the said attachment according to law." The only law to which he could have referred in the statement is the Pub. Sts. c. 161, § 128. Nearly all of the condition of the bond is made up of provisions required by this section. It is said that the reference to the requirements of the Pub. Sts. c. 171, in regard to special judgments, and to the St. 1888, c. 405, §§ 1 and 2, is inapplicable, because of the enactment of the United States bankruptcy act of 1898, c. 541. But this is not so; for when such a bond is given it cannot be known that the bankruptcy act will not be repealed before the final judgment, and in case of a repeal, these provisions might be important.

The parties completed this bond and it was accepted and acted upon without first having an appraisal of the attached property under the Pub. Sts. c. 161, § 126. What effect should this have upon the construction to be put upon their contract? The most natural construction, and that which in view of the first three lines of the condition would seem to carry out their meaning, is to say that by providing for the payment of the amount recovered in the final judgment "after said Berry shall establish his title to the land in a writ of entry," etc., and by executing the bond without an appraisal of the land the obligors waived the requirement for an ascertainment of the value of the land, and

substituted the amount of the final judgment for the appraised value. See *Commonwealth* v. *Costello,* 120 Mass. 358. Perhaps the amount sued for was much less than the value of the land. We are of opinion that the subsequent provisions of the bond, taken in connection with the statutes, make it necessary to treat the words "within thirty days" in the fourth line of the condition, as contradictory and immaterial, and that the amount of the final judgment stands for the sum ascertained to be the value of the land, the parties having virtually agreed to go on without an appraisal, and that the bond is binding for the payment of this judgment on the establishment by the plaintiff of his title to the land attached, in accordance with the provisions of the Pub. Sts. c. 161, § 128. It is to be noticed that in each of the references to the special judgments under Pub. Sts. c. 171, and under the St. 1888, c. 405, respectively, there is in the bond an express condition that the plaintiff shall first establish his title by a writ of entry.

The construction contended for by the plaintiff virtually strikes out of the bond all after the fourth line of the condition, for if there is a requirement to pay the amount of the judgment absolutely within thirty days all the rest of the condition is meaningless.

Because there is in the declaration no averment that the plaintiff has established his title by a writ of entry, the demurrer was rightly sustained.

*Judgment affirmed.*