JOSEPH J. WALL, assignee, *vs.* JOHN F. KELLY.

Suffolk. March 30, 1911. — June 21, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Bond,* To dissolve attachment.

Where a sum of money, which by agreement of the parties to an action has been placed in the hands of an attaching officer in substitution for an attachment of real estate, has been attached by supplementary process under R. L. c. 167, § 80, this last attachment may be dissolved by a bond, in which the condition is to pay unconditionally any final or special judgment in the action and of which the penal sum is not double the amount of the damages demanded in the writ, if the creditor voluntarily consents to accept the bond as security for the debt in place of his attachment. Such consent need not be express, but may be found from the fact that the counsel for the attaching creditor, who inspected the bond and examined the sureties before a master in chancery, made no objection to the form of the instrument, especially when this is confirmed by the additional fact that the attaching creditor in his answer in another proceeding relating to the same deposit of money admitted that the attachment had been dissolved by the bond and that the debtor had become entitled to recover the deposit.

CONTRACT OR TORT by the surety on a bond given to dissolve an attachment, as the assignee of the principal, against a deputy

sheriff for $800, with two counts, one alleging the conversion of that sum of money by the defendant, and the other, alleged to be for the same cause of action, for money had and received to the plaintiff's use. Writ in the Municipal Court of the City of Boston dated December 1, 1908.

On appeal to the Superior Court the case was tried before *Hardy*, J. The facts which appeared by the evidence are stated in the opinion. At the close of the evidence the plaintiff, at the suggestion of the judge, elected to rely on the count for money had and received. The defendant asked the judge to order a verdict for the defendant, which the judge refused to do. The judge in his charge to the jury instructed them that as matter of law the second bond given by the plaintiff's assignor, which is mentioned in the opinion, was valid and dissolved the attachment made by the defendant under the special precept, which also is mentioned in the opinion.

The jury returned a verdict for the plaintiff in the sum of $901.60, including interest on $800 from November 23, 1908. The defendant alleged exceptions to the refusal of the judge to order a verdict for him, and to the instructions stated above.

*F. P. Garland*, (*A. Berenson* with him,) for the defendant.

*E. W. Philbrick*, for the plaintiff.

BRALEY, J. The real estate of the plaintiff's assignor having been attached by the defendant as a deputy sheriff, the debtor desired to release the attachment, and offered in substitution a sum of money somewhat in excess of the debt demanded. By agreement of the parties supplementary process issued under R. L. c. 167, § 80, and, the amount agreed upon having been deposited with the defendant, he attached it, and the plaintiff's counsel then released the attachment on the real estate. The debtor subsequently sought to dissolve the attachment on the money, and gave a bond on which the present plaintiff became surety, and made an assignment of the deposit to him as security. It is, however, unnecessary to consider the effect of this bond, for, the defendant having refused to surrender the money, a second bond was given on which the plaintiff relies as having worked a dissolution of the attachment.

By R. L. c. 167, § 121, the condition of the bond should be to pay to the plaintiff, within thirty days after the recovery of a spe-

cial 'or final judgment, the value of the property released, which should be described in the bond. If this requirement had been complied with, the attachment would have been dissolved by force of the statute without the creditor's consent, as the sureties were duly approved by a master in chancery, and the bond had been filed with the clerk of the court from which the writ issued. R. L. c. 167, §§ 119, 121. *O'Hare* v. *Downing*, 130 Mass. 16.

But, as the condition inserted was to pay unconditionally the amount of any final or special judgment, and the penal sum was not double the amount of the damages demanded in the writ, the defendant contends that the bond was invalid. The creditor, however, voluntarily could consent upon tender of the bond to accept it as security for his debt, and dissolve the attachment which covered only the money in the hands of the officer. If he consented, the bond, having been delivered to the officer and retained, was enforceable at common law, and the money should have been surrendered to the debtor or to the plaintiff as his assignee. *Mosher* v. *Murphy*, 121 Mass. 276. *Smith* v. *Meegan*, 122 Mass. 6. *Central Mills* v. *Stewart*, 133 Mass. 461. *Farr* v. *Rouillard*, 172 Mass. 303. See *Berry* v. *Wasserman*, 179 Mass. 537, 540. It is unnecessary that his consent should be shown by proof of an express acquiescence and acceptance. It may be implied from either the declarations and conduct of himself or his counsel, who had authority to release the attachment. *Marble* v. *Jamesville Manuf. Co.* 163 Mass. 171. The first bond with a similar condition had been objected to and refused solely because the penal sum was less than the amount named in the special process, and the second bond was given to correct the error. It was exhibited to the counsel for the creditor, who examined the sureties before the master, and made no objections to the terms of the instrument. The jury on the evidence could find, that he knew the purpose for which both bonds were offered, and the condition of the obligation, but did not care to object to the form of the second bond, which rectified the error, if the sureties were found by the master to be sufficient. The answer of the creditor to the bill of interpleader, brought by the defendant after the bond was given to have the court determine to whom the money belonged, which was introduced in evidence is confirmatory proof that this was the understanding. It is there

expressly admitted, that the attachment had been dissolved "by virtue of said bonds," and that the debtor had become entitled to recover the deposit. It is to be assumed, as the exceptions do not state to the contrary, that appropriate instructions were given, and, if the jury took this view of the testimony, they were warranted in finding that the bond had been accepted. See *Marr v. Washburn & Moen Manuf. Co.* 167 Mass. 35. A verdict for the defendant, therefore, could not have been ordered, and the instructions, that the bond dissolved the attachment, were correct.

*Exceptions overruled.*