MORRIS ADAMS *vs.* ISAAC FRANK.

Suffolk. October 18, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Communications between attorney and client, Unauthorized statement by limited agent. *Attorney at Law. Agency,* Scope of authority.

When an attorney at law is a witness, the privilege protecting communications made by a client to him professionally is a privilege personal to the client and may be waived by the client, as was done in the present case in open court when the client was called as a witness on the day following that on which the testimony was admitted.

Such a subsequent waiver cures any error on the ground of privilege in the admission of the testimony.

In an action by a real estate broker for a commission for procuring a customer able and willing to purchase certain real estate from the defendant on the terms named by him, where the defendant has called as a witness an attorney at law, who was employed by the alleged customer "for the purpose of executing and delivering written agreements for the sale and purchase of said real estate," the defendant cannot be allowed to ask this witness, against the plaintiff's objection, whether he did not say to another attorney at law that his client, the alleged customer, would not make any agreement with the plaintiff or with the owner of the property represented by him unless certain mortgages on the property ran for a certain length of time; because the agency of the witness for the alleged customer was of a special and limited character, and there is nothing to indicate that he was authorized to speak for his client in the matter of the terms of the sale.

In the same case the other attorney at law, to whom the statement was alleged to have been made, when called as a witness by the defendant, cannot be allowed to be asked by the defendant, whether the attorney at law who was acting in the limited capacity for the alleged customer did not say to him that no agreement for the sale of the real estate was to be drawn for the reason that there was a difficulty as to the mortgages; because neither the witness nor the attorney alleged to have made the statement had any authority to bind the plaintiff or the alleged customer procured by him.

PIERCE, J.  The testimony offered by the plaintiff warranted a jury in finding that the defendant employed the plaintiff as a real estate broker to procure a purchaser for certain real estate owned by the defendant; that the plaintiff induced one Leventhal to agree with the defendant to purchase the real estate in question on his (the defendant's) terms; and that Leventhal "was financially able and ready and willing to put through the sale on the terms agreed on."

The defendant offered testimony to prove that the authority of the plaintiff was withdrawn and afterwards was extended for two weeks; that at the end of the two weeks the defendant told the plaintiff to "call it off;" that thereafter the plaintiff and Leventhal came to the defendant's house, where Leventhal offered a sum of money less than the defendant's price, which the defendant refused to accept.

To sustain the defendant's position that the terms of his proposal had not been acceded to or accepted by Leventhal before the defendant's termination of the plaintiff's authority to procure a purchaser, the defendant called as a witness one Charak, an attorney at law, "who was to act as attorney for said Leventhal, for the purpose of executing and delivering written agreements for the sale and purchase of said real estate," and asked him this question: "Now what did Mr. Leventhal, when he came to your office, say about his ability, his desire to purchase property from Frank, which property was located in Brookline — . . . anything?" The answer of the witness was objected to on the ground of privilege, and when allowed to be given an exception was duly saved.

The privilege is personal to the client, and in the case at bar was waived by Leventhal in open court when he was called as a witness upon the day following the admission of the testimony, and the error, if any, was cured. *Phillips* v. *Chase*, 201 Mass. 444.

The defendant then asked the witness: "Don't you remember Mr. Lourie, Myer L. Lourie, telephoning to you, and of your saying to Mr. Lourie that your clients, the Leventhals, would not make any agreement with Adams or the person Adams represented, unless the mortgages ran for a certain length of time and were held by a bank?" The plaintiff objected to the question, but the wit-

ness, subject to the plaintiff's exception, finally was permitted to answer: "I want to limit it, eliminating the second part of your question, as to being held by a bank. I don't remember that part of it."

The answer adopts the question as qualified, was harmful to the plaintiff's case and extremely beneficial to the defendant's.

Under the terms of his employment the witness had an authority expressly limited to acts of executing and delivering written agreements for the sale and purchase of the described real estate. His agency was of a special and limited character, and there is nothing in the terms of his employment to indicate that he was authorized to speak for his principal, or that what he said was an act that fell naturally within the scope of his authority to draw instruments relating to conveyance of title. *Snow* v. *Perry,* 9 Pick. 539. *Mussey* v. *Beecher,* 3 Cush. 511. *Pickert* v. *Hair,* 146 Mass. 1. *Norton* v. *Nevills,* 174 Mass. 243. See *Smith* v. *Abbott,* 221 Mass. 326. The admission of the testimony was error, and the exception thereto must be sustained.

The defendant then called Mr. Lourie, an attorney at law, and asked him what he (Mr. Lourie) said to Mr. Charak. The presiding judge,* subject to the duly saved exception of the plaintiff, allowed the witness to answer: "I asked him [Charak] whether his clients had been in to make an agreement, and he said that his clients had been in, but they were gone; but no agreements were to be drawn, because the terms were not quite fixed upon, for there was a difficulty as to the mortgages; that unless the mortgages were held by a bank or banks, it was not as favorable as held by individuals, and so for the present there was no outlook for an agreement to be drawn." This testimony directly and unfavorably contradicted the plaintiff's assertion that the defendant's proposal had been accepted by Leventhal without qualification. Its effect, if believed, was to destroy utterly and beyond the possibility of redemption the plaintiff's case.

Mr. Lourie had no authority to bind the plaintiff by act or word, and, as has been shown, Mr. Charak had none. It follows

---

* *Bell,* J. The jury returned a verdict for the defendant and the plaintiff alleged exceptions.

that the admission of the testimony was error, and the exceptions must be sustained.

*Exceptions sustained.*

*E. Greenhood,* for the plaintiff.
*G. F. McKelleget,* for the defendant.