BENJAMIN H. CHERTOK, assignee, *vs.* LUELLA F. MORANG & another.

Suffolk. October 19, 1917. — December 31, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Mechanic's Lien. Bond,* To dissolve mechanic's lien, Void as statutory bond but good at common law. *Equity Jurisdiction,* To restrain enforcement or compel discharge of lien securing satisfied debt.

A bond to dissolve a mechanic's lien given before January 1, 1916, under R. L. c. 197, § 28, as amended by St. 1906, c. 223, and St. 1909, c. 237, which is not recorded in the registry of deeds within ten days after its approval and which therefore is not good as a statutory bond, if executed under seal and delivered and accepted, is good at common law, and the obligee in an action upon it can recover the amount of his unpaid debt.

In an action on such a bond it was *said,* that it was not necessary to determine, whether a municipal court in which the proceedings to enforce the mechanic's lien were brought had jurisdiction to make an order dissolving the lien upon the filing of such a common law bond, because the obligee of the bond, after having recovered in his action upon it the full amount of his debt, would not be permitted to enforce his mechanic's lien, even if it was not dissolved, and, if he should try to do so, the landowner could maintain a suit in equity against him to restrain

such enforcement and also might compel a discharge of the lien as shown by the record in the registry of deeds in case the satisfied creditor should refuse to make such discharge.

CONTRACT against two sureties on a bond given to dissolve a mechanic's lien. Writ dated January 7, 1916.

In the Superior Court the case was tried before *Aiken*, C. J., without a jury. The bond was dated April 23, 1915. Its execution by the defendants and its approval on April 23, 1916, by a master in chancery were admitted at the trial. It appeared by an indorsement upon the bond that it was received and entered for record at the registry of deeds for Norfolk County on December 15, 1915. Other material facts which could have been found upon the evidence are stated in the opinion.

The defendant offered no evidence, but asked the judge to make the following rulings:

"1. Upon all the evidence the plaintiff cannot recover."

"4. That on all the evidence there was no valid delivery of the bond to the plaintiff or his assignors.

"5. That the defendants are not liable upon the bond until there has been a valid delivery of the same.

"6. That the filing of the bond in the clerk's office of the Municipal Court of Brookline by the principal did not discharge the lien, the bond not having been recorded in the registry of deeds as required by law.

"7. That the bond is not a statutory bond.

"8. That neither the plaintiff nor his assignor has voluntarily waived their lien and there is therefore no consideration for the bond."

"10. That the plaintiff's lien has never been legally dissolved or vacated.

"11. That the judge of the Municipal Court of Brookline had no authority to order the bond delivered to Walter A. Powers. [The docket entries of the Municipal Court of Brookline contained an entry "that on December 15, 1915, by the order of the court the bond to dissolve the mechanic's lien was delivered to Walter A. Powers." The record contained nothing to show who Walter A. Powers was.]

"12. That the defendants have authorized no one to record the bond in the registry of deeds or deliver it to the plaintiff.

"13. That the principal of the bond not having been joined in this action, the plaintiff cannot recover."

The Chief Justice refused to make any of the rulings quoted above. He ordered that judgment be entered for the plaintiff in the sum of $500, the penalty of the bond, and that execution issue for the sum of $217.56 with interest amounting to $10.91 making a total of $228.47 as damages. The defendants alleged exceptions.

The material portion of R. L. c. 197, § 28, as amended by St. 1906, c. 223, and St. 1909, c. 237, is as follows: "A person who has an interest in property upon which the lien has been claimed may at any time before final judgment dissolve the lien upon his interest in the whole or any part of the property by giving bond to the party claiming the lien, with sureties who shall be approved in writing by him or his attorney, by a justice of a police, district or municipal court or by a master in chancery, conditioned to pay to such person within thirty days after final judgment an amount fixed as the value of said interest or so much thereof as may be necessary to satisfy the amount for which said interest may be found to be subject to such lien. . . . The bond shall contain a description of the property or interest to be released and the obligor shall, within ten days after its approval, cause it to be recorded in the registry of deeds for the county or district in which the property lies. The lien shall not be dissolved until the bond has been so recorded, after which the bond may be taken by the obligee from the registry."

St. 1915, c. 292, which was approved on May 28, 1915, took effect, as provided in § 14 of that statute, on January 1, 1916.

*R. M. Smith,* for the defendants.

*C. S. Hill,* for the plaintiff.

BRALEY, J. The defendants, while saving exceptions to the refusal to give their thirteen requests, have argued only the question of the validity of the bond under R. L. c. 197, § 28, or as an instrument at common law. The bill of exceptions is meagre, but the trial judge was warranted in finding, that a petition to establish a mechanic's lien was brought on February 25, 1915, in the Municipal Court of Brookline, and that on April 27, 1915, the petitioner's lien was established and an order of sale was to issue; that on April 27, 1915, a bond to dissolve the lien was filed by the

respondent, the debtor, being the bond in suit; that on April 30, 1915, judgment was entered for the petitioner, his lien was established and, the respondent having appealed, all the papers including the bond on June 5, 1915, were transmitted to the Superior Court from which they were returned to the Municipal Court of Brookline on October 29, 1915, where on December 15, 1915, " an order was handed down by the court that the petitioner's lien be dissolved and that the said order of the court entered April 30, 1915, in so far as it ordered a sale of the property be vacated and that the order of sale issued November 1, 1915,. be returned and that the validity of the petitioner's claim be reaffirmed," and that the decree of sale was duly returned to the court. It further appears that on December 15, 1915, the court ordered the bond delivered to one Walter A. Powers, and that on the same day the bond "was received and entered for record" in the registry of deeds for the county where the land lay.

The proceedings were instituted before January 1, 1916, and the case is not within St. 1915, c. 292, but is governed by R. L. c. 197, § 28, as amended by St. 1906, c. 223, and St. 1909, c. 237. It is of course plain that upon the establishment of the lien the property would be charged for the amount under an order of sale. R. L. c. 197, §§ 17, 20. But, even if a bond had been given as provided in § 28, as amended, the lien would not be dissolved unless within ten days after its approval the bond was recorded by the obligor in the registry of deeds for the county or district where the land lies. And under § 28, it is not until such record has been made that the lien is automatically discharged and the obligee may take the bond from the registry, and upon the lien being established enforce it as a security taking the place of the property.

The bond was duly approved on April 23, 1915, and, not having been recorded within ten days after approval, the lien never has been dissolved. R. L. c. 197, § 28, as amended. *Powers Regulator Co.* v. *Taylor,* 225 Mass. 292, 297.

The plaintiff however contends that it is enforceable at common law. The instrument being under seal a consideration is conclusively presumed, and there was evidence from the filing of the bond in court by the obligor to justify a finding that it had been delivered for the petitioner's use. *Graham* v. *Middleby,* 185 Mass. 349. *Tompkins* v. *Wheeler,* 16 Pet. 106. It appears from the record

that after the bond had been filed the court ordered the lien dissolved, vacated the order of sale and ordered "that the validity of the petitioner's claim be reaffirmed." It is however unnecessary to determine whether the court had jurisdiction to enter the order of dissolution. The petitioner can have but one satisfaction of his claim or judgment. If the plaintiff prevails in the present action and the judgment is satisfied, he cannot enforce the lien and, if he attempts enforcement, injunctive relief can be given in equity to the landowner. *Bruce* v. *Anderson,* 176 Mass. 161. *Brooks* v. *Twitchell,* 182 Mass. 443, 444.

The landowner also under such circumstances can compel a discharge of the lien shown by the record in the registry of deeds if upon request the plaintiff refuses to act. *Sawyer* v. *Cook,* 188 Mass. 163. The condition of the bond is that "if the said principal obligor shall, within thirty days after the final judgment . . ., pay to the party claiming the same [lien] the sum of $500, . . . or so much of said sum as may be necessary to satisfy any amount for which such property may be found to be subject to such lien in such suit, then this obligation shall be void." But there is no requirement that the lien shall be dissolved before the obligation attaches, and, having delivered the bond instead of filing it in the registry, and without obtaining any discharge of the lien, and thirty days having expired after the entry of final judgment, the trial judge correctly ruled that the action could be maintained. *Wall* v. *Kelly,* 209 Mass. 370, 372, and cases cited.

*Exceptions overruled.*