BARNEY GOLDSTEIN *vs.* SAMUEL W. TUCKER & another.

Middlesex.     March 18, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Mechanic's Lien,* Dissolution by bond.     *Bond,* To dissolve mechanic's lien. *Estoppel.     Waiver.     Attorney at Law.     Agency,* Scope of authority.

Where the owner of certain land executed and delivered to a petitioner for the establishment of a mechanic's lien upon the land a bond to dissolve the lien with sureties properly approved, and the petitioner thereupon told one who proposed to purchase the land that the lien was discharged and waived by the giving of the bond but retained possession of the bond for over seven months without recording it, and the purchaser bought the land relying on the representations as to the dissolution of the lien but knowing that the bond was not recorded within ten days as required by R. L. c. 197, § 28, as amended by Sts. 1906, c. 223; 1909, c. 237, the petitioner has not thereby waived his lien, nor is he estopped, by reason of his representation based on a false idea as to the law, from pursuing his petition to judgment and sale.

An attorney at law, retained to prosecute a petition for the enforcement of a mechanic's lien, has no authority, by reason of his general retainer, to bind his client by statements to a stranger as to the effect of an unrecorded bond to dissolve the lien.

A statement of an attorney at law for a petitioner to enforce a mechanic's lien to a stranger, to the effect that the execution and delivery of a bond to dissolve the lien, which bond is unrecorded, dissolved the lien, is merely an expression

of an opinion on a question of law, and, even if authorized by his client, will not operate to estop the client from prosecuting his lien.

St. 1915, c. 292, § 13, which became effective on January 1, 1916, does not affect a petition for the enforcement of a mechanic's lien filed previous to that date.

BILL IN EQUITY, filed in the Superior Court on May 18, 1916, and afterwards amended, seeking to enjoin the defendants from proceeding to enforce a warrant for the sale of certain real estate, issued upon a petition for the enforcement of a mechanic's lien.

The material allegations of the bill are described in the opinion. The defendants demurred. The demurrer was heard by *Lawton, J.,* and by his order an interlocutory decree was entered sustaining it. Subsequently a final decree dismissing the bill was entered by order of *Fox,* J., and the plaintiff appealed.

The case was submitted on briefs.

*E. C. Jenney & M. J. Sawyer,* for the plaintiff.

*G. M. Poland, & L. P. Jordan,* for the defendants.

CROSBY, J. An interlocutory decree having been entered sustaining the demurrer to the plaintiff's amended bill, a final decree was entered dismissing the bill with costs. The case is before us on an appeal from that decree.

The bill as amended in substance alleges that the defendant MacLean had filed a mechanic's lien against the property of one Trackman and had brought a petition in the Superior Court to enforce the lien; that thereafter Trackman executed and delivered to MacLean a bond with sureties in due form to dissolve the lien; that on February 8, 1913, the sureties were duly approved, and thereafter MacLean retained possession of the bond until September 19, 1913, when it was recorded in the registry of deeds; that on the date when the sureties were approved, the defendant MacLean agreed with the plaintiff and with Trackman that the lien was discharged and waived by the giving of the bond; that MacLean's attorney, one Ivy, told the plaintiff that the bond dissolved the lien and that a conveyance of the property could be made free from the lien; that the plaintiff "relying upon the statements and representations made by the said Ivy to him . . . did on the 11th day of April, 1913, purchase said real estate from said Trackman, which purchase was made only in reliance upon what the defendant by his attorney had told him. . . ." The bill further alleges that on April 6, 1916, the defendant MacLean established

his lien and on April 12, 1916, a warrant for the sale of the property was issued by the Superior Court and delivered to the defendant Tucker, a deputy sheriff, who was proceeding to sell the property by virtue of the warrant when this bill was filed. The plaintiff seeks to enjoin the defendants from selling the property and prays that a decree be entered that the bond operated as a dissolution and waiver of the lien, and that the warrant of sale be decreed to be void.

1. The statute provides that a bond given to dissolve a mechanic's lien shall be recorded within ten days after its approval. R. L. c. 197, § 28, as amended by St. 1906, c. 223, and St. 1909, c. 237. As the bond was not so recorded, the lien was not dissolved but remained in full force and effect. The fact that it was not recorded within the time fixed by the statute was known to the plaintiff when he purchased the property, and the fact that the defendant MacLean told him (the plaintiff) that the bond operated to dissolve the lien, cannot be held to be a waiver of his (MacLean's) rights under the lien; nor is he estopped from claiming thereunder because of his mistaken belief as to the legal effect of the bond. Its invalidity was equally apparent to both parties, and the plaintiff so far as the record shows was not misled nor deceived as to any material fact: when he purchased the property, he knew that a lien had been filed upon it and that the bond had not been recorded as the statute required; and he is charged with knowledge that it was void because not so recorded. Under these circumstances he cannot invoke the doctrine of equitable estoppel against the defendant. *Mackay* v. *Holland*, 4 Met. 69. *Robbins* v. *Potter*, 98 Mass. 532. *Conant* v. *Evans*, 202 Mass. 34, 38.

2. In the amended bill the plaintiff alleges that he bought the property "only in reliance upon what . . . his [the defendant's] attorney had told him . . . that at the time of said conveyance your petitioner believed that said mechanic's lien was discharged and waived as herein set forth as said respondent through his attorney had told him. . . ." There is no allegation that the defendant authorized his attorney to make the statements above referred to or that he knew they had been made. An attorney, by virtue of his general retainer, has no authority to bind his client by statements to a stranger respecting matters with which the

client has no dealings. Accordingly, the statement that the lien was dissolved by the bond, — made by the defendant's counsel to the plaintiff before this suit was brought, — was ineffectual to bind the defendant. *Hahn* v. *Loker,* 229 Mass. 363, and cases cited. *Adams* v. *Frank,* 222 Mass. 215. *Shattuck* v. *Bill,* 142 Mass. 56. Aside from the lack of authority on the part of the defendant's attorney to speak for him, the statement as to the effect of the bond upon the lien was only the expression of an opinion on a question of law and would not operate as an estoppel. *Cartwright* v. *Gardner,* 5 Cush. 273. *Whitwell* v. *Winslow,* 134 Mass. 343.

3. It also is alleged by the plaintiff that by the enactment of St. 1915, c. 292, § 13, which became effective on January 1, 1916, all legal authority to enter a final judgment or to issue a warrant of sale to enforce a mechanic's lien was repealed, and that thereafter there was no legal authority to enter the judgment or issue the warrant of sale. The decisive answer to this contention is that § 17 of R. L. c. 197, under which the order of sale was authorized, was not repealed by St. 1915, c. 292; and as the proceedings were instituted before January 1, 1916, the case is not within that statute but is governed by R. L. c. 197, as amended by St. 1906, c. 223, and St. 1909, c. 237. *Chertok* v. *Morang,* 228 Mass. 598, 601.

*Decree affirmed with costs.*