Riley, J.
This is an action of contract brought by the obligee against the principal and sureties on a bond of which the following is a copy:
“Know all Men by; These Presents that we, I, Joseph Morello and Lilia C. Morello as principals and Arthur Lapalme and Wilfred J. Beaumier as sureties are holden and stand firmly bound unto Anna H. LaPlante in the sum of *216 Eight Hundred Fifty dollars, to the payment of which to the said Anna H. LaPlante or her executors, administrators, or assigns, we hereby jointly and severally bind ourselves, our heirs, executors, and administrators.
“The Condition of this obligation is such that whereas the said Anna H. LaPlante has caused the money and credits of Joseph Morello to the value of Twenty Thousand dollars to be attached by trustee process by virtue of a writ in favor of the said Anna H. LaPlante against the said Joseph Morello principal defendant and Third National Bank & Trust Company alleged trustee, bearing date the twenty-seventh day of March, A. D., 1931, and returnable to the Superior Court for the County of Hampden in the Commonwealth of Massachusetts, on the Fourth day of May, A. D. 1931, and whereas, the said Joseph Morello desire to dissolve said attachment according to law,—
“Now Therefore, if the said Joseph Morello shall within thirty days after final judgment in the aforesaid action, or after special judgment entered therein in accordance with the provisions of section twenty-five of Chapter two hundred and thirty-five of the General Laws of said Commonwealth, pay to the .said plaintiff the amount for which the said trustee may be charged, not exceeding the value of the property in its hands, or so much thereof as will satisfy the amount that may be recovered by the said plaintiff, then this obligation shall be void, otherwise it shall be and remain in full force and virtue.
“In Witness Whereof, we hereunto set our hands and seals this thirtieth day of March, A. D. 1931.
JOSEPH MORELLO (seal)
WILFRED J. BEAUMIER (seal)
ARTHUR LaPALME (seal)
LILIA C. MORELLO (seal)
SARA M. LaPALME (seal)”
*217 Signed and sealed in presence of .Charles E. Poirier to J. M. W. J. B. and A. L. L. C. M.
Thomas LaPalme to Sara M. LaPalme
The defendant’s answer is a general denial.
The Report recites that at the trial there was evidence tending to show:
“That the bond was given to dissolve an attachment of funds amounting to Eight Hundred Twenty and 13/100 Dollars ($820.13) belonging to the defendant Joseph Morello, held by Third National Bank & Trust Company of Springfield, a trustee of the defendant Joseph Morello in an action brought by the plaintiff against the defendant Joseph Morello in Hampden County Superior Court by writ dated March 27,1931, and returnable to said Superior Court the first Monday of May, 1931. The sureties on said bond were approved by a master in chancery and the plaintiff accepted same and discharged said trustee attachment.
The said trustee did not file a trustee’s answer in said Superior Court action and was thereupon defaulted and adjudged a trustee. The bond was not filed with the clerk of the said Superior Court. Judgment against the defendant was entered September 17,1934 in favor of the plaintiff in the sum of Forty-Eight Hundred Twenty-one and 66/100 ($4821.66). After the trustee had been defaulted in said Superior Court, said action went to judgment without the trustee having been charged. Thereupon on October 29, 1934, the plaintiff filed a motion to vacate said judgment under Chapter 250, Section 14 of the General Laws (Ter. Ed.) This motion was allowed the same day. Thereupon the plaintiff filed an interrogatory to the trustee asking what goods, effects or credits of the defendant the trustee had in its possession at the time of the service of the copy of the plaintiff’s writ upon it. The trustee filed an answer to said interrogatory stating that it had Eight Hundred Twenty and 13/100 Dollars ($820.13) of the defendant in its hands and possession at such time. The plaintiff then filed a motion asking that the *218 trustee be charged in the sum of Eight Hundred Twenty and 13/100 Dollars ($820.13). This motion was allowed and the trustee was charged with the amount of Eight Hundred Twenty and 13/100 Dollars ($820.13). Thereafter, on October 29, 1934, on plaintiff’s motion for judgment, judgment was entered in her favor against the defendant in the sum of Forty-eight Hundred Thirty-seven and 11/100 Dollars ($4837.11). The defendant Joseph Morello never paid the plaintiff anything on said bond.”
The trial judge found for the defendants. At the request of the plaintiff he granted the following Bequests for Rulings :
“2. The defendant cannot in this court attack or inquire into any action or judgment of Hampden County Superior Court in the case mentioned in said bond.
3. The judgment of Hampden County Superior Court in the action mentioned in said bond is conclusive evidence of all the facts decided in subsequent suits between the same parties.
It cannot be attacked collaterally.
4. No error in fact can be assigned which contradicts the record of Hampden County Superior Court in the action mentioned in the bond in question. ’ ’
He denied the following Request:
“1. Upon all the law and the evidence the verdict should be for the plaintiff for .the following reasons:
(a) The trustee mentioned in the bond in question was charged with the sum of Eight Hundred Twenty and 13/100 Dollars ($820.13) by Hampden County Superior Court in the action mentioned in said bond.
(b) The defendant, Joseph Morello, did not pay to the plaintiff the amount for which said trustee was charged within 30 days after final judgment in the action mentioned in said bond, or at any other time.”
In denying this Request he cited Gr. L. Chap. 250 §20. No other comment or finding of fact was made. The Report *219 indicates that the trial judge refused the Bequest upon the sole ground that this Statute applied. The parties have argued the case upon the assumption that the court ruled that the provisions of the Statute prevented recovery by the plaintiff. The Statute cited reads as follows: “The liability upon an attachment made, bond given or bail taken in the original action shall not continue after the original judgment has been vacated, except that if the judgment is vacated under Section 14 within 30 days after the entry thereof, such liability shall, if a subsequent judgment is rendered, continue during such time thereafter as it would have continued upon the original judgment had it not been vacated.” Section 14, above referred to, is the section permitting the vacating of a judgment upon the motion of the prevailing party within three months after its entry.
Section 20 had its origin in Chapter 33 of the Acts of 1875 which provided that “No attachment made, or bail taken originally in the suit, shall be liable to satisfy the judgment after the original judgment has been vacated.” This Statute contained no provision allowing the prevailing party to have the judgment vacated upon motion as is' now provided in Chapter 250 §14. Chap. 33 of the Acts of 1875 was’ enacted without substantial change in Ptiblic Statutes Chapter 187 §§17 to 20. While the Public Statutes were in effect the case of Dresser vs. Cutter, 161 Mass. 301, was decided. In that case it was said, “It is provided in terms by Section 20 that no attachment made or bail taken in the suit shall be liable to satisfy such a judgment. By Section 19 a bond covering all that the original security does is to be given before the first judgment is vacated.” The principle of the decision in this case was followed in Russia Cement Co. vs. LePage Co., 167 Mass. 222. It is said at Page 223, “If a supersedeas is issued with a Writ of Error, the United States Law requires a new bond from the defendant *220 to answer all damages and costs if it fail to make its plea good. This security ‘is a substitute for any which before existed. ’ ’ ’ The reasoning in these decisions does not apply to a judgment vacated upon motion of the prevailing party under Gr. L. Chapter 250 §14, as no bond is required in such cases except by special order of the court.
Section 19 of Public Statutes, Chapter 187, referred to in Dresser vs. Cutter above, is in substance Section 17 of Gr. L. Chapter 250. This provides that the petitioner must, before the judgment is vacated and execution is stayed or superseded, give bond to the adverse party with security approved by the court, conditioned amiong other things that if the judgment is vacated he shall satisfy the execution that shall issue in favor of the adverse party. The new bond required by Section 17 if a defendant is the petitioner is consequently substituted for the security that the plaintiff in the original action had by bond or otherwise. The requirements of this Section respecting the giving of a bond, apply only to petitions to vacate judgment under Section 15 and do not effect motions to vacate a judgment by the prevailing party within three months of its entry, under Section 14. This latter procedure was first authorized by the Acts of 1895, Chap. 234 § 1, passed after the decision in Dresser vs. Cutter, above cited. Section 7 of this Act provided that “No attachment made, bond given or bail taken originally in the action shall be liable to satisfy a judgment after the original judgment has been vacated, except that when a judgment is vacated under Section 1 of this Act within 30 days after the entry thereof, any attachment made, bond given or bail taken shall continue to be liable upon any judgment thereafter rendered in such action during such time as they would have been liable upon the original judgment if it had not been vacated.” This Section was transposed and clarified according to the Report of the *221 Commissioners and appears in Revised Laws Chapter 193 §20. It is re-enacted without change in G. L. Chapter 250 §20 as hereinbefore set out. As it appeared in Revised Laws it was passed upon by the court in Barry vs. N. Y. Holding and Construction Co., 226 Mass. 14 at Page 20 where it is said, “We agree with counsel for the trustee in bankruptcy that the trustee attachment is not continued in effect by force of R. L. .Chapter 193 §20. That deals with the continuance of attachments which expire within a limited time after a general judgment has been taken. The fact that an attachment by way of trustee process is not included within those specified in R. L. Chapter 193 §20, does not stand in the way of the conclusion being reached which we have reached by , force of R. L. Chapter 193 §14. There was no occasion for including an attachment by trustee process in R. L. Chapter 193 §20.” It is suggested that this is dictum not necessary to the decision of the case and has no bearing upon the validity of the bond given in that case. It is to be noted however that the court later says on Pages 20 and 21, “What the plaintiff seeks to obtain by getting the special judgment asked for by him is to hold the sureties on the bond herein question as a common law bond.” The court goes on then to state that the Statute does not give the power to the court to enter a special judgment to hold sureties on a common law bond. If the court had felt that the bond was invalid as a common law bond it could easily have said so and obviated the necessity of the decision that the court had no power to enter a special judgment to enforce liability upon such a bond.
We do not feel that the language of the court above quoted can be disregarded, notwithstanding the recent case of Arlington Trust Co. vs. Levine, Mass. A. S. (1935) 1587. This is particularly true of the statement that an attachment by way of trustee process is not included within those speci *222 fled in R. L. Chapter 193 §20. Furthermore, we think that the bond given, referred to in Section 20, must be construed to be a bond given that dissolves the attachment. It cannot be successfully contended in the case at bar that the bond in suit dissolved the attachment in the original action. It seems to be identical in form and signed by parties similar in their relation to the suit as the bonds in Atwood vs. West Roxbury Co-operative Bank, 156 Mass. 166 and Barry vs. N. Y. Holding Construction Co., 226 Mass. 14. It is a claimant’s bond erroneously signed by the defendant in the action as principal for the purpose of dissolving the attachment. The cases cited show that it could not have this effect but do not decide that such a bond is invalid as a common law bond.
Considering the history and the purposes of Gf. L. Chapter 250 §20 and the reasoning in the cases cited, we do not think, although the question is not free from doubt, that the plaintiff is precluded from recovery in this action by reason of the provisions of this Statute. As we view the Eeport, this is not a case where the trial judge made a correct ruling but gave an erroneous reason therefor. It is rather a case where the court, in response to a Bequest for Euling, made an independent ruling of law not called to his attention by either party and based the decision of the case upon this ruling. As before indicated, we think the ruling was wrong and prejudicial to the plaintiff.
Ordinarily, in an action upon a bond or other written instrument, if the facts are agreed upoti or found by a tribunal, the question of the rights of the parties under such instrument becomes a question of law for the court. Burns vs. Block, Mass A. S. (1935) 2373, 2376. Martiniello vs. Robitaille, Mass A. S. (1936) 207. This, however, is not such a case. It comes before us, not upon the Eeport of the trial judge, but upon a Eeport established by a justice of *223 the Appellate Division. No facts were, found by the trial judge or appear by the Report to be admitted. In this respect the Report simply contains a recitation of what the evidence tended to show. From the briefs and arguments it appears that the various defendants are not agreed upon the facts, particularly as to whether the trustee in the original case was actually discharged by the plaintiff or can said to have been discharged merely by the acceptance of the bond by the plaintiff. See Porter vs. Giles, 129 Mass. 589. Although much of the evidence recited in the Report appears to be a matter of record and probably cannot be successfully controverted by either party, we cannot, on the Report as presented, consider the facts definitely determined. Accordingly, we are unable to determine whether the plaintiff was entitled to have her first Request for Ruling given by the court or whether the finding for the defendant was warranted. It is plain that the plaintiff cannot recover on the bond in question as.a Statutory bond. Whether she can recover upon it as a common law bond- depends upon facts that are not definitely settled by the Report. As bearing upon the rights under such a bond, see among other cases: Mosher, vs. Murphy, 121 Mass. 276; Campbell vs. Brown, 121 Mass. 516, 519; Smith vs. Meegan, 122 Mass. 6; Central Mills vs. Stewart, 133 Mass. 461, 462; Wall v. Kelley, 209 Mass. 370, 372; Massasoit Bank vs. Borden, 228 Mass. 581, 583; Shertok vs. Morang, 228 Mass 598; Castaline vs. Swardlick, 264 Mass. 481, 484; Taberosak vs. Mass. Bonding Co., Mass. A. S. (1935) 1, 3.
Because of the error of the trial judge in dealing with the plaintiff’s first Request as above pointed out, we feel there should be a new trial, and it is so ordered.